**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR AREVALO-TAVARES,
also known as Hector M. Arevalo,

Defendant-Appellant.

No. 99-1415

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 98-CR-247-S)**

---

Submitted on the briefs:

Michael G. Katz, Federal Public Defender, and Warren R. Williamson, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Thomas L. Strickland, United States Attorney, and Andrew A. Vogt, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before **TACHA, McKAY** , and **ANDERSON** , Circuit Judges.

---

**PER CURIAM** .

---

Defendant was convicted of one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). On appeal, he asserts that the district court erred in denying his motion to dismiss the indictment on the ground that his prior deportation proceedings violated due process. We affirm.[1]

In January 1991, Defendant Hector Arevalo-Tavares, a Mexican citizen, was convicted in Colorado state court of second degree sexual assault and second degree burglary. On April 26, 1991, he was ordered deported from the United States to Mexico by an immigration judge. On October 19, 1995, shortly after he was paroled by the state, he was deported to Mexico pursuant to the April 26, 1991 Deportation Order. In 1998, he was found in the United States. Because he did not receive permission from the Attorney General to reenter, he was arrested and indicted for illegal reentry after deportation.

In his pretrial motion to dismiss, Defendant collaterally attacked the constitutional validity of the 1991 deportation proceedings.[2] He claimed the deportation proceedings were fundamentally unfair; the immigration judge failed to advise him of his right to appeal; and he did not voluntarily waive this right.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

[2] The transcript from the May 14, 1999 hearing discloses that Defendant withdrew two of the three grounds raised in his motion: his claim of derivative citizenship; and his claim of disparate sentencing under § 1326(b)(2).

Defendant also claimed that the government was unable to produce the tape recording from his 1991 deportation hearing or any record indicating he was advised of his right to appeal.

In response, the government acknowledged that it attempted to obtain a copy of the tape recording of the deportation hearing, but that it was advised by the Executive Office of Immigration Review that the tape, for unknown reasons, was void of any recorded information. The government did, however, attach two documents to its response to Defendant's motion. R. Vol. 1, Tab 17. One was a copy of Mr. Arevalo-Tavares' motion for enlargement of time, dated May 7, 1991, in which he requested the immigration judge enter an order "granting him additional time in the appeal." The second was a copy of the immigration judge's May 9, 1991 Order denying the motion. The immigration judge stated, in relevant part, that Mr. Arevalo-Tavares "was advised of his right to appeal," that "he reserved that right," and that under federal regulations "the court [was] without authority to extend the time within which a party's Notice of Appeal must be filed."

After hearing argument and reviewing the evidence, the district court denied the motion to dismiss, stating:

> Accordingly, there is no record of the immigration proceeding in question. The Court in reviewing the defendant's own motion, it appears this motion is sufficient to satisfy the Court that the

defendant was aware of a deadline from which he was requesting, quote, additional time to appeal his conviction.

I think it is a fair and clear deduction from that allegation by the defendant himself that he was advised of his right to appeal and of a deadline so to do.

Further in support of the government's position is the order by the immigration judge on the 9th of May, 1991 . . . stating that . . . Hector Arevalo-Tavares reserve[s] the right embodied in that order.

The judge goes on to deny the motion[] for enlargement of time to appeal the defendant's deportation. It appears clear from those two pieces of documentary evidence and the Court concludes that the defendant was, at his deportation proceeding on March – April 26, 1991, was advised of his right to appeal the decision in that deportation proceeding by Judge MacKenzie Rast, the immigration judge.

R., Vol. 3, Tr. May 14, 1999 hearing at 18.

On appeal, Defendant Arevalo-Tavares argues that he was denied due process because the 1991 administrative hearing leading to his deportation deprived him of his right to judicial review.

A collateral attack on the constitutional validity of deportation proceedings in a § 1326 prosecution presents a mixed question of law and fact that this court reviews *de novo. See United States v. Valdez*, 917 F.2d 466, 468 (10th Cir. 1990). A defendant prosecuted under § 1326 must show in a collateral challenge to a prior deportation hearing that the deportation hearing was fundamentally unfair, and that it deprived him of a direct appeal. *See United States v.*

-4-

*Wittgenstein*, 163 F.3d 1164, 1170 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 2355 (1999); *United States v. Meraz-Valeta*, 26 F.3d 992, 998 (10th Cir. 1994).

Defendant argues that the government's inability to produce the tape recording from his April 26, 1991 deportation hearing deprives him of an opportunity for a meaningful review of his claim that he was not properly informed of his right to appeal. Therefore, according to Defendant, the burden of proof shifts to the government to show that he was not deprived of his right to appeal, and that he knowingly and intelligently waived the right.

Recently this court considered and rejected a similar argument. In *United States v. Solano-Ramos,* No. 99-1252, 2000 WL 158952 (10th Cir. Feb. 15, 2000) (unpublished), we held that, even where the deportation hearing tape is unavailable, the burden of proof in a collateral attack on a deportation order is on a defendant based on the presumption of regularity that attaches to a final deportation order. *Id.* at **3. This court relied on *Parke v. Raley*, 506 U.S. 20 (1992), which involved constitutional review of the burden of proof and presumptions under a state sentence enhancement statute in challenges to prior convictions in recidivism proceedings.

In *Parke*, the Supreme Court stated that "[o]n collateral review, we think it defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights." *Id.* at 30. The Court held that "even

when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." *Id*. at 31. Furthermore, the presumption of regularity "applie[s] equally to other forms of collateral attack," not just habeas actions. *Id.* at 29-30. Consequently, the burden of proof is on Defendant Arevalo-Tavares, not the government, to overcome the presumption that his 1991 deportation proceedings "were conducted in a valid manner." *Solano-Ramos,* 2000 WL 158952, at **3; *see also United States v. Martinez-Amaya*, 67 F.3d 678, 681-82 (8th Cir. 1995) ("the alien, not the government, bears the burden of proof in a collateral attack upon a prior deportation").

Defendant argues that the logical inference that must be drawn from his 1991 motion for enlargement of time is that he was not advised of his right to appeal the deportation order. We disagree. The motion for enlargement of time indicates just the contrary: that the immigration judge's advice regarding the right to appeal did not slip past Defendant. The motion sufficiently indicates that he was advised of this right as well as the time period in which to appeal. Furthermore, the immigration judge's order denying Defendant's motion specifically states that Defendant was advised of his right to appeal and that he reserved the right. As in *Solano-Ramos*, Defendant did not present any witnesses or affidavits at the hearing on his motion to dismiss.

We conclude that Defendant has failed to meet his burden of proving he was denied his right to appeal his 1991 deportation order. The record indicates that Defendant waived his right to appeal by failing to file a timely appeal, and that he made this waiver after receiving sufficient notice of his right.

The judgment of the district court is AFFIRMED.