**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo GONZALEZ–GARCIA,**
**Defendant–Appellant.**

No. 01–50077.

D.C. No. CR–00–02660–MLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 22, 2002.

Before BROWNING, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM[1]

We affirm defendant Gerardo Gonzalez–Garcia's conviction under 8 U.S.C. § 1326 for being found in the United States after previously having been deported. He argues that his conviction must be reversed under *United States v. Mendoza–Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) because there is insufficient evidence that his 1996 deportation comported with due process.

■ The government first contends that we are prohibited by 8 U.S.C. § 1326(d) from reaching the merits of his argument because Gonzalez–Garcia failed to appeal the 1996 deportation. This is without merit. The government has offered no evidence to establish that Gonzalez–Garcia made a "considered and intelligent" waiver of his right to appeal. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). We have repeatedly emphasized that section 1326(d) cannot apply in the absence of a valid waiver:

> [D]ue process requires that such a waiver of appeal be "considered and intelligent." The exhaustion requirement of 8 U.S.C. § 1326(d) cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process.

*United States v. Muro–Inclan*, 249 F.3d 1180, 1183 (9th Cir.2001) (internal citation omitted). *See also United States v. Estrada–Torres*, 179 F.3d 776, 780 (9th Cir. 1999), *overruled on other grounds*, *United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc).

■ However, we reject Gonzalez–Garcia's argument on its merits. Gonzalez–Garcia argues that he was denied due process because the only record of the 1996 deportation hearing, a tape recording, is inaudible. We recently held, however, that the mere absence of an audio tape does not render the deportation hearing so procedurally flawed that it "effectively eliminate[s] the right of the alien to obtain judicial review." *United States v. Medina*, 236 F.3d 1028, 1031 (9th Cir.2001) (quoting *Mendoza–Lopez*, 481 U.S. at 839). Although Gonzalez–Garcia did not apply for discretionary relief from deportation, he did not offer any evidence that he was misinformed about his options to seek this relief.

■ Gonzalez–Garcia further argues that unlike *Medina*, there is no evidence that he even received a deportation hearing before being deported. The order of deportation, however, confers a "presumption of regularity" that Gonzalez–Garcia has the burden of overcoming through some affirmative evidence of impropriety. *See Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *see also United States v. Arevalo–Tavares*, 210 F.3d 1198, 1200 (10th Cir.2000). Gonzalez–Garcia has not offered affirmative evidence that he was denied his statutory right to a deportation hearing, and he admitted to the district court that he received a hearing before being deported. Consequently, he fails to rebut the presumption that he had been lawfully deported after a deportation hearing.

**AFFIRMED.**

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.