**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FRANCISCO HERRERA-AVALOS,
also known as Francisco Herrera, and
Francisco Avalos-Herrera,

     Defendant - Appellant.

No. 02-1231
D.C. No. 01-CR-334-WM
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

On September 26, 2001, Defendant Francisco Herrera-Avalos

("Defendant"), a Mexican citizen, was charged with one count of unlawful reentry

by a previously deported alien previously convicted of an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b). (ROA I at Doc. 13.) On October 4,

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

2001, he moved to dismiss the indictment by challenging the May 2000 deportation on which it was based as fundamentally unfair and violative of his due process rights. (ROA Supp. II at Doc. 19.) After a hearing on the merits, the district court rejected this challenge. (ROA II at 30-31.)

Defendant was convicted by a jury on February 12, 2002. (ROA I at 64.) At sentencing on May 14, 2002, he objected to the Presentence Report's (PSR's) recommendation against a downward adjustment for acceptance of responsibility. Defendant argued that he should receive the adjustment because he had admitted his factual guilt and proceeded to trial only to challenge a legal issue—namely, that the indictment wrongly alleged that he had been "deported" in May 2000, when in fact he had been "excluded." (ROA V at 42-43.) The district court, which had previously characterized Defendant's argument in this respect as "essentially sophistry" and "play[ing] games with language," denied Defendant's request. He was sentenced to 100 months' imprisonment, the bottom of the applicable guideline range, and three years of supervised release. (ROA IV at 269-70; ROA V at 64.)

On appeal, Defendant makes two arguments. First, he argues that the district court should have granted his motion to dismiss the indictment, because the May 2000 deportation order on which it was based was obtained in violation of his due process rights. (Aplt. Br. at 7.) Second, he argues that the district

court erred in denying him a downward adjustment for acceptance of responsibility, as he admitted all of the applicable facts and went to trial to challenge only the government's application of the law to those facts. For the reasons stated below, we take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and AFFIRM Defendant's conviction and sentence.[1]

We review de novo a district court's decision not to dismiss an indictment under 8 U.S.C. § 1326 due to alleged violations of due process in the underlying immigration proceeding. United States v. Wittgenstein, 163 F.3d 1164, 1170 (10th Cir. 1998). "A defendant prosecuted under § 1326 must show in a collateral challenge to a prior deportation hearing that the deportation hearing was fundamentally unfair, and that it deprived him of a direct appeal." United States v. Arevalo-Tavares, 210 F.3d 1198, 1200 (10th Cir. 2000). The Immigration Judge who presided over Defendant's May 2000 deportation proceeding informed Defendant of his right to counsel, which he waived, and of his right to appeal the Immigration Judge's deportation order, which he also waived. (ROA Supp. II at Doc. 30, pp. 1, 8.) Defendant nevertheless maintains that he was "effectively deprived... of his right to appeal" because the judge failed to inform him of three

---

[1]Defendant, who is represented by counsel on appeal, recently filed a pro se motion to supplement the record with a short brief of his own. We GRANT the motion while noting that Defendant simply repeats an argument already made by counsel; as such, we do not separately address the argument he made therein.

things: 1) that if he decided to appeal, he could seek bail while the appeal was pending; 2) that he could seek counsel to assist him in his appeal; and 3) that he could seek a waiver of deportation even if he decided to appeal the judge's decision. (Aplt. Br. at 10-11.) Defendant argues that because he was not informed of these things, his waiver of his right to appeal was not knowing and intelligent. (Id. at 11.)

Defendant's argument fails. The Immigration Judge told Defendant what he was required to tell him: that Defendant had the right to counsel during the proceeding and that he could appeal the decision against him. (ROA Supp. II at 1, 8.) Nothing in the applicable statutes or regulations suggests that the judge should also have informed Defendant of the implications of exercising or not exercising those rights. Nor has Defendant cited a case suggesting otherwise. Moreover, to succeed in this collateral attack, Defendant must prove that the judge's failure to mention these things resulted in a "fundamentally unfair" proceeding. Arevalo-Tavares, 210 F.3d at 1200. Having reviewed the transcript of Defendant's deportation hearing, we conclude that the Immigration Judge carefully and patiently advised Defendant of his rights; accordingly, we find that Defendant's waiver of those rights was knowing and intelligent and that the

proceeding was not "fundamentally unfair." We thus affirm the district court's denial of Defendant's motion to dismiss the indictment.[2]

Defendant's second argument on appeal is that the district court improperly denied his request for a downward departure based on acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We review a district court's denial of this reduction for clear error. United States v. Janusz, 135 F.3d 1319, 1325 (10th Cir. 1998).

Application Note 2 to § 3E1.1 states:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1 comment. (n.2).

---

[2]Even were we to find that the Immigration Judge erred, Defendant would still not prevail on this claim because he has failed to prove that he was prejudiced by the judge's actions. See United States v. Meraz-Valeta, 26 F.3d 992, 998 (10th Cir. 1994). Given Defendant's long criminal history and multiple convictions in this country, coupled with his illegal reentry after deportation, it is highly unlikely that he would have received a waiver of deportation from the Attorney General.

Defendant argues that he should have received the downward adjustment for two reasons: 1) he confessed after his arrest to having reentered the country illegally, and 2) at trial, he challenged only the legal sufficiency of the indictment, which charged him with illegal reentry after having been previously "deported," when in fact he had reentered after having previously been "excluded." (Aplt. Br. at 15-16.) The Government counters that because Defendant put the prosecution to its burden of proof—by, for example, not stipulating to any elements of the charged offense—Defendant is not entitled to the downward departure. (Aple. Br. at 10.)

Having carefully reviewed the trial transcript, we conclude that the Government is correct. Although Defendant did challenge the legal sufficiency of his indictment, he also forced the Government to prove every element of the charged offense, which undermines his claim for acceptance of responsibility. See United States v. Portillo-Valenzuela, 20 F.3d 393, 394-95 (10th Cir. 1994). We cannot conclude that the district court clearly erred in refusing to grant the departure.

For the foregoing reasons, we AFFIRM Defendant's conviction and sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 6 -