LUCERO, Circuit Judge,
dissenting.
Because the majority fails to respect Federal Rule of Criminal Procedure 11(a)(2) and misapplies the harmless error doctrine, I respectfully dissent.
In 1999, Rivera-Nevarez, a seventeen-year legal permanent resident, was removed from the United States based on a drunk driving conviction two years earlier. In October 2003, Rivera-Nevarez returned to the United States, was apprehended, and was charged with illegal reentry. Two weeks after his apprehension, our circuit handed down its decision in United States v. Lucio-Lucio, 347 F.3d 1202 (10th Cir. 2003), ruling that drunk driving is not a “crime of violence” or an “aggravated felony.” In support of the motion to dismiss, the defendant relied on Lucio-Lucio to collaterally attack the use of his 1999 removal to establish an element in his illegal reentry prosecution. Rivera-Nevarez claimed that his removal was fundamentally unfair because Lucio-Lucio applied retroactively, invalidating his 1999 removal. The district court denied the motion, ruling that Lucio-Lucio did not apply retroactively.
*1114 Following Rivera-Nevarez’s request for reconsideration in which he again raised the retroactivity question and ancillary issues, the district court again erroneously rejected the contention that Lucio-Lucio applied retroactively, and denied the motion for reconsideration. The defendant, with the consent of the government and agreement of the trial court,[1] then entered a conditional plea preserving the right of review on the issues raised in the motion to dismiss and motion for reconsideration. This appeal followed.[2]
Pursuant to Federal Rule of Criminal Procedure 11(a)(2), the conditional guilty plea entered by Rivera-Nevarez “reserve[d] the right, to the extent he has such a right, to appeal to the 10th Circuit Court of Appeals those issues raised in his Motion to Dismiss and Motion to Reconsider.” (R. Doc. 18 at 1.) Federal Rule of Criminal Procedure 11(a)(2) provides:
Conditional Plea. With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion. A defendant who prevails on appeal may then withdraw the plea.
(emphasis added). In his motion to dismiss, the defendant moved the court “to enter an order dismissing the one count indictment in this case as the government cannot proceed due to a change in the interpretation of a law in effect at the time of the underlying deportation in this case.” (R. Doc. 9 at 1.) In support of the motion the defendant quoted our circuit speaking in Lucio-Lucio, as follows: “We agree with our sister circuits and the BIA that to call DWI a crime of violence would stretch the § 16(b) definition too far.” (R. Doc. 9 at 2.) The trial court’s decision denying the motion to dismiss was based solely on its determination that Lucio-Lucio did not apply retroactively — the only “issue” raised in Rivera-Nevarez’s motion to dismiss. That “adverse determination” in the motion to dismiss was preserved for appeal under Rule 11(a)(2).
Nine months after the trial court’s acceptance of the conditional plea, and while this appeal was pending, the Supreme Court decided Leocal v. Ashcroft, — U.S. -, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). As recognized by the majority, “the Supreme Court’s decision in Leocal ... conclusively established that DUI is not a ‘crime of violence’ under the INA.” Slip op. However, after recognizing that the district court’s conclusion that Rivera-Nevarez’s removal was valid at the time it occurred was error, slip op., the majority concludes that error was harmless and af *1115 firms Rivera-Nevarez’s conviction. Id. I respectfully disagree.
Given the majority’s conclusion that the district court erred in its determination on the issue of retroactivity raised in Rivera-Nevarez’s motion to dismiss, a condition of the plea agreement has been met, and under Fed.R.Crim.P. 11(a)(2), “a defendant who prevails on appeal may then withdraw the plea.” As far as I am concerned, the defendant has presented an open and shut case under Rule 11, that rule should be respected and followed, the case should be remanded, and that should end the case at this level.[3]
By resorting to harmless error review and by proposing to affirm the defendant’s conviction notwithstanding Rivera-Nevar-az’s right to withdraw his conditional plea, the majority fails to recognize that once the plea of guilty is withdrawn, there is no acceptance of guilt by plea, let alone a conviction that justifies such a decision. Because Rivera-Nevarez may withdraw his plea, the defendant does not stand convicted before us. By seeking to decide this case on these grounds the wrong court proposes to convict the defendant, without benefit of a trial before a trial judge or a jury-
The majority predicates its determination of harmlessness solely on its conclusion that Rivera-Nevarez “fails to meet his burden under § 1326(d)(2) to show that he was deprived of the opportunity for judicial review.”[4] Slip op. In order to conclude that the district court’s error was harmless we would have to be convinced that the error had no significant influence *1116 on Rivera-Nevarez’s willingness to plead guilty. United States v. Gigot, 147 F.3d 1193, 1197-98 (10th Cir.1998). I am not so convinced. Although a defendant in an illegal reentry criminal prosecution has the burden under 8 U.S.C. § 1326(d) to establish the statutory prerequisites for a collateral attack on the prior removal, in this appeal, the government must establish that the district court’s error on retroactivity did not substantively affect Rivera-Nevarez’s rights. It has not done so. The record clearly reflects that Rivera-Neva-rez entered into the conditional guilty plea only after the district court twice rejected the claim that Lucio-Lucio applied retroactively to affect the validity of his 1999 removal.

. Under Rule 11(a)(2), Rivera-Nevarez could enter a conditional guilty plea only if both the government consented and the district court agreed. The government was fully cognizant that Rivera-Nevarez was entering his plea to preserve his appeal of the district court's ruling on retroactivity: its brief and oral argument make that abundantly clear. Thus, remand of this case results in no harm to the government. See United States v. Moskow, 588 F.2d 882, 887 (3d Cir.1978) ("In the case of a conditional guilty plea, the prosecution acquires no legitimate expectation of finality in the conviction.”).

. In his opening brief, in accordance with Fed. R.App. P. 28, Rivera-Nevarez listed the issue presented on review as:
Applying principles of statutory interpretation, are the BIA's en banc decision in In re Ramos, and this court’s Lucio-Lucio decision, required to be applied retroactively to permit Rivera to invalidate his prior deportation which was incorrectly found to be an aggravated felony?
(Appellant’s Br. at 1.) (emphasis added). At oral argument, Rivera-Nevarez requested that should we agree with defendant on his retro-activity analysis, we remand the case to the trial court.

. Rivera-Nevarez staked his conditional plea on the issue of the retroactive effect of Lucio-Lucio raised in his motion to dismiss; the court denied his motion to dismiss on that basis. As such he has prevailed and must be allowed to withdraw his plea. See McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) ("[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.”); United States v. Leake, 95 F.3d 409, 420 (6th Cir. 1996) (holding that defendant should be permitted to withdraw plea following his partial success on appeal of suppression motion); United States v. Mejia, 69 F.3d 309, 316 n. 8 (9th Cir.1995) ("If any ruling that forms a basis for the conditional [guilty] plea is found to be erroneous, we are required to permit the defendant to withdraw his plea.”); United States v. Tantalo, 680 F.2d 903, 906, 911 (2d Cir.1982) (holding remand to allow withdrawal of guilty plea is mandated when defendant prevails on appeal of issue). To affirm a conditional guilty plea by dismissing the district court's fundamental legal error as harmless under these circumstances would violate Rivera-Nevarez’s due process right to be convicted only on the basis of a knowing and intelligent guilty plea. See, e.g. United States v. Bundy, 392 F.3d 641, 649 (4th Cir.2004) (concluding that presence of one non-case-dispositive issue which appellate court will not address taints entire plea and renders defendant’s conditional guilty plea invalid); United States v. Wise, 179 F.3d 184, 187 (5th Cir. 1999) (explaining that if record is ambiguous as to whether plea was conditional, appellate court may question the voluntariness of the plea, vacate the conviction, and remand for repleading).

. Although I do not think it necessary to decide the issue whether Rivera-Nevarez was deprived of the opportunity for judicial review, I nonetheless disagree with the majority's reasoning for two reasons. First the majority concludes that Rivera-Nevarez had an opportunity for judicial review because the uncertain legal environment at the time of Rivera-Nevarez’s removal did not preclude judicial review as evidenced by the 5th Circuit’s later decision in Max-George v. Reno, 205 F.3d 194, 199 (5th Cir.2000), vacated on other grounds sub nom. Max-George v. Ashcroft, 533 U.S. 945, 121 S.Ct. 2585, 150 L.Ed.2d 746 (2001), and the Eleventh Circuit’s decision in Richardson v. Reno, 162 F.3d 1338, 1375-76 (11th Cir.1998), vacated on other grounds, 526 U.S. 1142, 119 S.Ct. 2016, 143 L.Ed.2d 1029 (1999), decided a mere two months before Rivera-Nevarez’s removal. I do not view these cases as creating such a clear legal environment that a determi *1116 nation of the effective opportunity for judicial review can be drawn from the uncertain environment that followed AEDPA's and IIRIRA's 1996 passage without consideration of the facts of Rivera-Nevarez’s removal proceedings. See United States v. Torres, 383 F.3d 92, 100-03 (3d Cir.2004). Indeed, in United States v. Mendoza-Lopez, the Court held, despite the availability of both direct and habeas review, that the aliens were deprived of judicial review where their waivers of appeal were not considered or intelligent. 481 U.S. 828, 836-840, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). In drawing this conclusion, the Court evaluated the facts of the aliens' removal proceeding, including what information they were given by the Immigration Judge ("IJ”). Id. at 840-41, 107 S.Ct. 2148; see also United States v. Lopez-Ortiz, 313 F.3d 225, 229 (5th Cir.2002). The environment of legal uncertainty existing at the time of Rivera-Nevarez's 1999 removal would be but one factor, among many, to be taken into account in determining whether Rivera-Nevarez was deprived of the opportunity for judicial review. See, e.g., United States v. Sosa, 387 F.3d 131, 137 (2d Cir.2004); United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1049 (9th Cir.2004); United States v. Martinez-Rocha, 337 F.3d 566, 569-570 (6th Cir.2003).
Second, because Rivera-Nevarez facially waived his right to administrative review, the majority concludes that he knowingly and intelligently waived his right to judicial review under United States v. Arevalo-Tavares, 210 F.3d 1198, 1200-1201 (10th Cir.2000). Only a knowing and intelligent waiver of administrative appeal would validly waive the contingent right to judicial review. See, e.g., Mendoza-Lopez, 481 U.S. at 840, 107 S.Ct. 2148; Sosa, 387 F.3d at 136; United States v. Lopez-Vasquez, 1 F.3d 751, 753-54 (9th Cir.1993) (en banc) (recognizing same rule on due process grounds). The deportation proceeding in Arevalo-Tavares occurred in 1991 when criminal aliens had a statutory right to judicial review of their removal orders, as opposed to Rivera-Nevarez's 1999 removal proceeding which occurred when the statute unambiguously eliminated such a right. Indulging the presumption that an IJ would appropriately inform an alien of the right to judicial appeal is far more supportable in 1991, when criminal aliens had a statutory right to judicial review of their removal orders, than in 1999 during a period when the BIA believed, and the government maintained, that no such right existed.