FILED
United States Court of Appeals
Tenth Circuit

March 6, 2020

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE VINCENTE LIRA-RAMIREZ,
a/k/a Vicente Lira-Ramirez,

Defendant - Appellant.

No. 19-3057

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 6:18-CR-10102-JWB-1)**

_____

Melody Brannon, Federal Public Defender, Topeka, Kansas, for Defendant-Appellant.

Jared S. Maag, Assistant United States Attorney, Topeka, Kansas (Stephen R. McAllister, United States Attorney, and James A. Brown, Assistant United States Attorney, Chief, Appellate Division, with him on the briefs), for Plaintiff-Appellee.

_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal is brought by Mr. Jose Vincente Lira-Ramirez, who was indicted on a charge of illegally reentering the United States. *See* 8 U.S.C. § 1326(a). An element of illegal reentry is the existence of a prior removal order. *United States v. Adame-Orozco*, 607 F.3d 647, 650–51 (10th Cir. 2010).[1] Though Mr. Lira-Ramirez had been removed in earlier proceedings, he moved to dismiss the indictment, arguing that the immigration judge lacked jurisdiction over the earlier proceedings because the notice to appear was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The district court denied the motion to dismiss the indictment, and Mr. Lira-Ramirez appeals.

We affirm, concluding that our precedents foreclose Mr. Lira-Ramirez's jurisdictional challenge. Though Mr. Lira-Ramirez raises a new argument, it does not cast doubt on our precedents. We thus affirm the denial of Mr. Lira-Ramirez's motion to dismiss the indictment.

**1. Mr. Lira-Ramirez challenged the immigration judge's jurisdiction over the prior removal proceedings.**

---

[1] According to Mr. Lira-Ramirez, the government must prove not only the existence but also the validity of a prior removal order. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1064 (9th Cir. 2018) ("A valid removal order is a predicate element of a conviction for illegal reentry under § 1326."); *United States v. Rea-Beltran*, 457 F.3d 695, 702 (7th Cir. 2006) (stating that an element of illegal reentry under § 1326(a) is the existence of "a valid deportation order"). We need not decide whether the validity of the prior removal order is an element of the offense.

Mr. Lira-Ramirez's removal proceedings began with service of a document entitled "Notice to Appear." Under federal law, a notice to appear must state the date and time of the removal hearing. 8 U.S.C. § 1229(a)(1)(G)(i). But this information was missing from the document sent to Mr. Lira-Ramirez. Despite the omission, Mr. Lira-Ramirez appeared at the removal hearing and was deported.

Mr. Lira-Ramirez was later charged with illegally reentering the United States. He challenged the validity of his prior removal order, arguing that the immigration judge had lacked jurisdiction because of the omission of the date and time in the notice to appear. The district court acknowledged that the notice to appear had been defective, but did not conclude that immigration judge had lacked jurisdiction. The district court instead rejected Mr. Lira-Ramirez's argument on procedural grounds.[2]

---

[2] Under federal law, a noncitizen can challenge a prior removal order only when three conditions have been met:

1. Administrative remedies have been exhausted.

2. Judicial review has been denied.

3. Entry of the removal order had been fundamentally unfair.

8 U.S.C. § 1326(d). The district court ruled that Mr. Lira-Ramirez had failed to satisfy these requirements.

Mr. Lira-Ramirez argues that he need not satisfy these requirements because he is collaterally challenging the immigration judge's jurisdiction. Our circuit has rejected this argument in unpublished opinions. *United*

3

**2. Our review is de novo.**

Because this appeal presents a question of law, we engage in de novo review. *United States v. Pauler*, 857 F.3d 1073, 1075 (10th Cir. 2017).

**3. Mr. Lira-Ramirez's argument is foreclosed by our precedents.**

Mr. Lira-Ramirez argues that the immigration judge lacked jurisdiction because of an omission of the date and time in his notice to appear. But we have held in two precedential opinions that this omission does not create a jurisdictional defect.[3]

The first precedential opinion was *Lopez-Munoz v. Barr*, 941 F.3d 1013 (10th Cir. 2019). Challenging the validity of a removal order, the petitioner in *Lopez-Munoz* argued that the omission of the date and time had rendered the notice to appear defective, precluding jurisdiction over the removal proceedings. 941 F.3d at 1015. We assumed that the petitioner's notice to appear was defective and held that an omission of the date and time in the notice to appear would not affect jurisdiction. *Id.* at 1015–18.

We reaffirmed *Lopez-Munoz* in *Martinez-Perez v. Barr*, No. 18-9573, ___ F.3d ___, 2020 WL 253553 (10th Cir. Jan. 17, 2020). Again considering

_____

*States v. Zuniga-Guerrero*, 772 F. App'x 736, 737 (10th Cir. 2019); *United States v. Garcia-Galvan*, 777 F. App'x 921, 924 (10th Cir. 2019). But we need not address this argument here.

[3]  We assume for the sake of argument that the notice to appear was defective. But we conclude that the alleged defect would not have been jurisdictional. *See* pp. 7–10, below.

an omission of the date and time in a notice to appear, we held that the omission did not preclude jurisdiction. 2020 WL 253553 at *3.

*Lopez-Munoz* and *Martinez-Perez* foreclose Mr. Lira-Ramirez's argument. We must generally follow our precedents absent en banc consideration. *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014). An exception exists for intervening changes in our precedents, *id.*, but Mr. Lira-Ramirez does not identify any. We are thus bound to follow our two precedential opinions. *See United States v. Fagatele*, 944 F.3d 1230, 1235–36 (10th Cir. 2019).

Mr. Lira-Ramirez suggests that *Lopez-Munoz* is not binding because the panel did not analyze a new argument regarding a transitional provision in the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 2009 (1996). *See* Part 4, below.[4] We disagree.

At oral argument, Mr. Lira-Ramirez contended that in *Yousuf v. Cohlmia*, 741 F.3d 31 (10th Cir. 2014), doubts about a precedent led a panel of our court to buck precedent. But reliance on *Yousuf* is misplaced. The panel in *Yousuf* did overrule a point of law established by a previous panel, but did so with approval from the en banc court. 741 F.3d at 47 n.6.

---

[4]    In his reply brief, Mr. Lira-Ramirez also argued that we should reconsider *Lopez-Munoz* because the deadline for a petition for rehearing in that case had not yet passed. But the petitioner in *Lopez-Munoz* did not seek rehearing, and the deadline has now expired.

5

In his briefs, Mr. Lira-Ramirez points to out-of-circuit opinions in which panels have sidestepped precedents. These opinions do not allow us to abandon our precedents.

For example, Mr. Lira-Ramirez refers to a First Circuit opinion stating that a panel can overturn another panel's decision when "newly emergent authority, although not directly controlling, nevertheless offers a convincing reason for believing that the earlier panel, in light of the neoteric developments, would change its course." *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 945 F.2d 10, 12 (1st Cir. 1991), *rev'd on other grounds*, 506 U.S. 139 (1993). But our circuit has never endorsed abandonment of a precedent on these grounds.

Mr. Lira-Ramirez also cites a Fifth Circuit opinion, which allowed one panel to overrule another panel that had unknowingly contradicted an earlier Supreme Court decision. *Wilson v. Taylor*, 658 F.2d 1021, 1034–35 (5th Cir. 1981). But the Fifth Circuit opinion does not apply. There the Fifth Circuit overruled its precedent because it conflicted with a prior Supreme Court opinion, which also bound the Fifth Circuit. Mr. Lira-Ramirez's new argument does not involve a Supreme Court opinion, so the Fifth Circuit opinion cannot justify deviation from our precedent.

Because Mr. Lira-Ramirez identifies no intervening change in our precedents, we are bound by *Lopez-Munoz* and *Martinez-Perez*. Under

6

these opinions, the alleged defect in the notice to appear would not be jurisdictional.

**4.      Mr. Lira-Ramirez's new argument does not cast doubt on our precedents holding that the alleged defect would not be jurisdictional.**

Mr. Lira-Ramirez's argument treats the statutory requirements for a notice to appear as jurisdictional based on a transitional provision that had applied between the adoption and effective date of 8 U.S.C. § 1229. We would reject this argument even if we were not bound by *Lopez-Munoz* and *Martinez-Perez*.

Before the adoption of § 1229, removal proceedings could begin with two documents: (1) an order to show cause and (2) a notice of hearing. 8 U.S.C. § 1252b (1995).[5] In 1996, however, Congress replaced the two documents with a single notice to appear. 8 U.S.C. § 1229(a); *see* Report of the Committee on the Judiciary, House of Representatives, H.R. Rep. 104-469(I) (1996), 1996 WL 168955 at *159 (discussing the statutory change).

But the 1996 law did not immediately go into effect. So Congress provided a transitional provision to govern removal proceedings that had begun before the new law took effect. Illegal Immigration Reform and

---

[5]      The Attorney General could also start proceedings with only an Order to Show Cause if it listed the date and time of the removal hearing. 8 U.S.C. § 1252b(a)(2)(A) (1995). But using a single document was not required.

Immigrant Responsibility Act, § 309(c)(4), Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-626.

This provision temporarily allowed the Attorney General to start removal proceedings under either the old procedure (with an order to show cause and a notice of hearing) or the new procedure (with a single notice to appear). The transitional provision stated that if the Attorney General started removal proceedings under the old procedure, "*the notice of hearing* provided to the alien under [§ 1252b] *shall be valid* as if provided under [§ 1229(a)](as amended by this subtitle) *to confer jurisdiction on the immigration judge*." *Id.* (emphasis added). Relying on this sentence, Mr. Lira-Ramirez argues that the transitional provision shows that § 1229(a) is jurisdictional. We disagree for two reasons.

First, we must decide whether § 1229 is jurisdictional, not whether the transitional provision would have been jurisdictional. We can consider § 1229 jurisdictional only if Congress clearly stated that it intended to restrict immigration judges' jurisdiction. *United States v. McGaughy*, 670 F.3d 1149, 1156 (10th Cir. 2012). Congress did not clearly make such a statement in § 1229, which says nothing about jurisdiction or an immigration judge's power to act. *Lopez-Munoz v. Barr*, 941 F.3d 1013, 1017 (10th Cir. 2019). And the language of a separate transitional provision couldn't provide the clear statement necessary to render § 1229 jurisdictional. *See United States v. Green*, 886 F.3d 1300, 1305–06 (10th

8

Cir. 2018) (explaining that classification of one provision as jurisdictional bears little relevance to whether a nearby provision is jurisdictional).

But let's assume for the sake of argument that the transitional provision could show that another provision (§ 1229) is jurisdictional. Even then, we'd conclude that the transitional provision does not clearly show that a notice to appear is jurisdictional. Mr. Lira-Ramirez relies on a sentence in the transitional provision stating that a *notice of hearing* shall be valid to confer jurisdiction. As Mr. Lira-Ramirez concedes, however, the transitional provision addresses the impact of a "notice of hearing" rather than a "notice to appear." Oral Arg. at 5:04–:11; *see also* Appellant's Reply Br. at 2 (stating that "[t]he statutory notice of the hearing," rather than the notice to appear, is what "'confers jurisdiction on the immigration[] judge'" (citation omitted)). So the sentence does not say that a *notice to appear* confers jurisdiction on an immigration judge.

Recognizing that the transitional provision applies only to a "notice of hearing," Mr. Lira-Ramirez argues that a notice to appear must implicitly be jurisdictional. But we cannot read between the lines to infer jurisdictional limits; the jurisdictional language must be apparent from the face of the statute itself. *See United States v. Green*, 886 F.3d 1300, 1305–06 (10th Cir. 2018) (rejecting an argument that the jurisdictional nature of a statute could be inferred).

Mr. Lira-Ramirez also emphasizes the use of the word "jurisdiction" in the transitional provision. But this word is often used colloquially, so its inclusion in the transitional provision does not mean that Congress meant to limit an immigration judge's power to act. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (holding that a statute referring to "jurisdiction" was not jurisdictional because the word "jurisdiction" bears numerous meanings). Given the frequency of this colloquial usage, Congress's reference to "jurisdiction" in the transitional provision does not mean that a defect in the notice to appear is jurisdictional.[6]

## 5. Conclusion

Mr. Lira-Ramirez argues that a defect in the notice to appear prevented the immigration judge from obtaining jurisdiction. But our precedents foreclose this argument. Even absent these precedents, the transitional provision does not clearly show that § 1229 is jurisdictional. We thus affirm Mr. Lira-Ramirez's conviction.

---

[6]     Only two district courts (and no circuit courts) have addressed the transitional provision. Both district courts held that the transitional provision does not restrict an immigration judge's jurisdiction. *See United States v. Torres Zuniga*, 390 F. Supp. 3d 653, 663–64 (E.D. Va. 2019) (concluding that the transitional provision's use of the term "jurisdiction" does not show that Congress intended the statutory requirements for notices to appear to be jurisdictional); *United States v. Hernandez-Mendez,* 387 F. Supp. 3d 1264, 1270 (D. Kan. 2019) (stating that the defendant "hasn't persuaded the court that the transitional [provision's] reference to the immigration court's 'jurisdiction' suffices to confer subject matter jurisdiction on immigration courts through notices to appear").