**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ALFREDO FLORES, a/k/a Jose
Alfredo Flores-Quezada,

    Defendant - Appellant.

No. 19-1446
(D.C. No. 1:18-CR-00150-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    Jose Flores appeals his conviction for illegal re-entry in violation of 8 U.S.C.

§§ 1326(a) and (b)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

    Flores, a native and citizen of Mexico, became a lawful permanent resident of the

United States in 1995. In 2009, he was convicted of felony vehicular eluding in violation

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of C.R.S. § 18-9-116.5. In 2012, an immigration judge ordered Flores removed, concluding that vehicular eluding was an aggravated felony under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F). The removal order indicates that his appeal was due on April 27, 2012. Flores did not timely appeal.

After returning to the United States without reapplying for admission, Flores was apprehended and charged with illegal re-entry after a prior deportation. At that point, he appealed his 2012 removal to the Board of Immigration Appeals ("BIA"), arguing that his deportation was invalid because vehicular eluding is not an aggravated felony under Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The BIA dismissed his appeal as untimely.

Flores filed a motion to dismiss the indictment in this case, arguing that because vehicular eluding is not an aggravated felony under Dimaya, his deportation cannot be the predicate for an illegal re-entry conviction. A magistrate judge recommended the denial of his motion to dismiss because by failing to file a timely appeal of his 2012 removal order, Flores failed to exhaust administrative remedies under § 1326(d)(1). Over Flores' objections, the district court adopted the magistrate's recommendation. Flores pled guilty but retained the right to appeal the denial of his motion. The court sentenced him to a term of 22 months' imprisonment and three years of supervised release. Flores appealed.

## II

Flores raises a collateral attack to his prior deportation order. We review the legal sufficiency of a prior removal order de novo. See United States v. Almanza-Vigil, 912 F.3d 1310, 1316 (10th Cir. 2019). Under § 1326(d), a defendant who collaterally attacks

2

a prior deportation order during criminal proceedings must demonstrate "(1) that he exhausted all administrative remedies available to contest the previous removal order, (2) that the previous removal proceedings deprived him of the opportunity to seek judicial review, and (3) that the previous order's entry was fundamentally unfair." Id. (citing § 1326(d)). This appeal focuses on the first prong: the district court concluded Flores had not exhausted administrative remedies because he failed to appeal the 2012 removal order.

A noncitizen "who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1)." United States v. Chavez-Alonso, 431 F.3d 726, 728 (10th Cir. 2005). By not filing a timely appeal to the immigration judge's order of deportation, Flores waived his right to appeal. See United States v. Arevalo-Tavares, 210 F.3d 1198, 1201 (10th Cir. 2000) ("Defendant waived his right to appeal by failing to file a timely appeal . . . ."). Flores raises no argument that this failure was not knowing; we therefore conclude that he failed to exhaust administrative remedies. See Chavez-Alonso, 431 F.3d at 728.

On appeal, Flores argues that he exhausted "his only viable administrative remedy" by filing a notice of appeal after Dimaya. We disagree. Flores could have filed a timely appeal, but he failed to do so. Instead, his notice of appeal was filed approximately six years after the time for him to appeal expired. Filing an untimely appeal does not remedy the failure to file a timely appeal. See Arevalo-Tavares, 210 F.3d at 1201; cf. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no

3

adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Flores argues that it would have been futile for him to appeal the 2012 removal order because vehicular eluding was an aggravated felony under binding precedent at the time. But futility does not excuse a failure to exhaust when exhaustion is statutorily required. See Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Gilmore v. Weatherford, 694 F.3d 1160, 1169 (10th Cir. 2012) ("[T]his court has explicitly rejected the proposition that it is futile to lodge an objection before an administrative body simply because the body has precedent which contradicts the party's position." (quotation omitted)). Litigants are permitted to make good-faith arguments for the extension, reversal, or modification of existing law—precisely the kinds of arguments that Flores makes in this appeal.[1] See Fed. R. Civ. P. 11(b)(2).

Moreover, Flores has not established that vehicular eluding was an aggravated felony under our binding precedent at the time of his removal in 2012. He cites only an unpublished, non-binding decision, United States v. Atkins, 379 F. App'x 762 (10th Cir. 2010), in support of that proposition. Atkins addressed whether the Colorado crime of

---

[1] Flores also cites United States v. Lopez-Urgel, 351 F. Supp. 3d 978, 990-91 (W.D. Tex. 2018), in which a district court concluded that a defendant was not required to show administrative exhaustion when his arguments would have contradicted the law at that time. Id. at 990-91. This directly contravenes Chavez-Alonso, which we are bound to follow. See United States v. Lira-Ramirez, 951 F.3d 1258, 1260 (10th Cir. 2020) ("We must generally follow our precedents absent en banc consideration.").

4

vehicular eluding constituted a crime of violence under a similar clause in the Sentencing Guidelines.  Id. at 764.  It did not address whether vehicular eluding is an aggravated felony under §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F).  Flores has not demonstrated that a timely appeal of his 2012 removal order would have been futile.

Relying on United States v. Johnson, 391 F.3d 67 (2d Cir. 2004), Flores also argues that any failure to exhaust is excusable because the immigration judge at his removal proceeding in 2012 told him that vehicular eluding was an aggravated felony. He contends this was "constitutionally relevant misinformation."  In Johnson, the Second Circuit held that "an alien's failure to meet the requirement of § 1326(d)(1) would be excusable where the alien waived the right to a BIA appeal and the waiver was premised on misleading information provided by the [immigration judge] regarding the alien's eligibility for discretionary relief."  Id. at 75.  But the immigration judge informed Flores of his right to appeal.  See id. at 75-76 ("[T]he fact that Johnson was informed of his right to appeal weighs heavily against a finding that his waiver was not intelligent and considered.").  Flores does not assert that he did not understand his right to appeal, merely that he did not believe an appeal would be successful.  The immigration judge's statement that vehicular eluding was an aggravated felony does not excuse Flores' failure to file a timely appeal.

Finally, Flores urges us to reconsider Chavez-Alonso in light of the Ninth Circuit's rule that the exhaustion requirement is excused when an intervening change in

the law causes a predicate conviction no longer to be an aggravated felony.[2] But "[w]e must generally follow our precedents absent en banc consideration." Lira-Ramirez, 951 F.3d at 1260. Although "[a]n exception exists for intervening changes in our precedents," id. at 1261, Flores does not point to any such changes in this case. Chavez-Alonso is binding.

We conclude that because Flores failed to exhaust his administrative remedies in connection with his 2012 removal, the district court correctly rejected his collateral attack.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Flores asserts that the Ninth Circuit set forth this rule in United States v. Camacho-Lopez, 450 F.3d 928 (9th Cir. 2006). In that case, the government conceded this argument, so the court did not directly address it. Id. at 930. But the Ninth Circuit has since squarely held that an intervening change in the law excuses the exhaustion requirement for a defendant collaterally attacking a prior removal order. See, e.g., United States v. Ochoa, 861 F.3d 1010, 1015 (9th Cir. 2017).