**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 20-8043 |
| | (D.C. No. 2:16-CR-00018-SWS-2) |
| ROBERT V. POUTRE, | (D. Wyo.) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Robert V. Poutre appeals the district court's dismissal of his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Poutre pled guilty to federal drug and firearm offenses and was sentenced to 240 months in prison, later reduced to 181 months. After serving approximately 48 months, he moved for release due to "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court considered the reasons Mr. Poutre presented and concluded they were "neither extraordinary nor compelling." ROA, Vol. I at 109. It held that "[b]ecause the Tenth Circuit requires a defendant to show that § 3582(c) authorizes relief for the Court to have jurisdiction, Defendant's motion must be dismissed." *Id.* at 111.

On appeal, Mr. Poutre does not challenge the district court's analysis of his eligibility for release under § 3582(c)(1)(A)(i). He argues instead that the district court erred in holding it lacked jurisdiction. The Government agrees that § 3582(c)'s criteria should not be viewed as jurisdictional requirements, but it recognizes the district court followed Tenth Circuit precedent in dismissing for lack of jurisdiction.

This court has held that "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (first brackets in original and quotations omitted). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted). Our cases thus require the movant to show that § 3582(c) authorizes relief for the

2

court to have jurisdiction. *See White*, 765 F.3d at 1250; *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017).

Mr. Poutre takes issue with this precedent, but it binds this panel.[1] And as the Government points out, the district court dismissed after it concluded Mr. Poutre's motion failed to meet the § 3582(c)(1)(A) standards. We therefore affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[1] Mr. Poutre argues "this Court must reconsider these cases," Aplt. Br. at 5, but "[w]e must generally follow our precedents absent en banc consideration," *United States v. Lira-Ramirez*, 951 F.3d 1258, 1260 (10th Cir. 2020).