**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAKALE KAREEM LEWIS, a/k/a Maney
Lewis,

    Defendant - Appellant.

No. 25-5045
(D.C. No. 4:24-CR-00288-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

A grand jury indicted Makale Kareem Lewis on two counts of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g). He moved to dismiss,

arguing that § 922(g)(1) violates the Second Amendment as applied to him. The

district court denied the motion, so Lewis pled guilty to Count 1 of the superseding

indictment, reserving his constitutional argument for appeal. He was sentenced to

thirty months in prison followed by three years of supervised release.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Lewis now renews his Second Amendment challenge to § 922(g), relying on *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). But he concedes his arguments are foreclosed by our precedent. *See, e.g.*, Aplt. Br. at 7, 12-14. Indeed, in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), we held that § 922(g)(1) does not violate the Second Amendment. And since then, we have upheld *McCane*, even after *Bruen* and *Rahimi*. *See Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025), *petition for cert. filed* (U.S. May 12, 2025) (No. 24-1155). It does not matter whether Lewis's predicate felony prohibiting his possession of firearms was for a non-violent offense. *See id.* at 1266 ("*McCane* . . . upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies," including "nonviolent offenders"); *United States v. Warner*, 131 F.4th 1137, 1148 (10th Cir. 2025) ("[E]ven after *Rahimi*, § 922(g)(1) is constitutional as applied to non-violent felons.").

Because *Vincent* holds that *McCane* remains binding, published precedent, we affirm the district court's judgment. *See United States v. Lira-Ramirez*, 951 F.3d 1258, 1260 (10th Cir. 2020) ("We must generally follow our precedents absent en banc consideration.").

<div style="margin-left: 50%;">

Entered for the Court


Joel M. Carson III
Circuit Judge

</div>