FILED
United States Court of Appeals
Tenth Circuit

May 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

JOHN LOUIS ATKINS,

      Defendant–Appellant.

No. 09-8072
(D.C. No. 1:09-CR-00029-WFD-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

     John Louis Atkins pled guilty to one count of being a felon in possession of a

firearm. On appeal, he challenges the district court's determination that his prior

conviction for attempted vehicular eluding constitutes a "crime of violence" for purposes

of United States Sentencing Guidelines ("USSG") § 4B1.2(a). Exercising jurisdiction

pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, we affirm.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

## I

On January 15, 2009, a grand jury indicted Atkins on one count of possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Atkins pled guilty pursuant to a plea agreement, and a Presentence Investigation Report ("PSR") was prepared. According to this report, Atkins had previously been convicted in Colorado state court for attempted vehicular eluding. The PSR treated this prior conviction as a "crime of violence" and recommended that Atkins be sentenced pursuant to USSG § 2K2.1(a)(4)(A), which mandates a base level offense of twenty for defendants who have previously been convicted of a crime of violence and are found guilty of being felons unlawfully in possession of a firearm. Over Atkins' objection, the district court adopted this recommendation and consequently sentenced Atkins to forty-six months' imprisonment. Atkins timely appealed.

## II

We review de novo the district court's legal determination that the Colorado crime of attempted vehicular eluding constitutes a crime of violence. See United States v. Vigil, 334 F.3d 1215, 1218 (10th Cir. 2008). Section 4B1.2(a) of the USSG defines a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

See also § 2K2.1 cmt. n.1 (directing to § 4B1.2(a) for the definition of "crime of violence"). The commentary further provides that an attempt to commit a crime of violence constitutes a crime of violence. § 4B1.2 cmt. n.1.

The parties do not dispute that a Colorado conviction for attempted vehicular eluding is punishable by more than one year's imprisonment, does not involve physical force, and is not one of the crimes enumerated in § 4B1.2(a)(2). See Colo. Rev. Stat. §§ 18-1.3-401, 18-9-116.5. Nor do they dispute that Atkins, in fact, was convicted of this crime. Thus, our sole inquiry is whether the statute falls into the § 4B1.2(a) residual clause, which encompasses crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another."

To determine whether an offense falls into this residual clause, we engage in a two-step analysis. First, we evaluate whether the crime, as defined by the applicable statute, presents a serious potential risk of physical injury to another. See Begay v. United States, 553 U.S. 137, 142 (2008).[1] Second, we determine whether the offense is "roughly similar, in kind as well as in degree of risk posed," to the crimes enumerated in § 4B1.2(a)(2). Begay, 553 U.S. at 143. A crime is "roughly similar" to an enumerated

---

[1] Although Begay interpreted the meaning of the phrase "violent felony" under the Armed Career Criminal Act ("ACCA"), not the term "crime of violence" under § 4B1.2(a), the definitions for these two terms are identically worded. As a result, precedent interpreting the ACCA residual clause informs interpretation of the § 4B1.2(a) residual clause. United States v. Patillar, 595 F.3d 1138, 1140 (10th Cir. 2010).

crime if it "involve[s] purposeful, violent, and aggressive conduct." Id. at 144-45

(quotations omitted).

In United States v. West, 550 F.3d 952, 971 (10th Cir. 2008), this court held that

the Utah offense of failure to stop at an officer's command constitutes a crime of

violence. Applying the first prong of the Begay test, we reasoned that this offense

presents a serious potential risk of physical injury to another because it "always

involve[s] the use of a motor vehicle." Id. at 964 n.9. Furthermore, violation of the Utah

statute takes place "directly in the officer's presence" and "will likely occur in the

presence of innocent and unsuspecting bystanders." Id.

The same is true of Colorado's vehicular eluding statute. Section 18-9-116.5 of

the Colorado Revised Statutes establishes that:

> any person who, while operating a motor vehicle, knowingly eludes or
> attempts to elude a peace officer also operating a motor vehicle, and who
> knows or reasonably should know that he or she is being pursued by said
> peace officer, and who operates his or her vehicle in a reckless manner,
> commits vehicular eluding.

By definition, violation of this statute involves the use of a motor vehicle, occurs in the

physical presence of a peace officer, and will likely threaten bystanders. Therefore,

under West, the crime meets the first Begay requirement.

Colorado's vehicular-eluding law also satisfies the second prong of the Begay test

because it ordinarily involves purposeful, violent, and aggressive conduct. A defendant

can be convicted of vehicular eluding only if he acts knowingly; in other words, the

statute criminalizes only purposeful conduct. In addition, violating the statute involves

-4-

violent and aggressive conduct because it typically "lead[s] to a confrontation with the officer being disobeyed" and is often "aimed at other persons or property where persons might be located and thereby injured." West, 550 F.3d at 969-70 (quotations omitted). Accordingly, under West, the Colorado crime of vehicular eluding constitutes a crime of violence for purposes of § 4B1.2(a).

Atkins argues that the Supreme Court's decision in United States v. Chambers, 129 S. Ct. 687 (2009), overturned West. We recently addressed this same argument in United States v. Wise, 597 F.3d 1141 (10th Cir. 2010). In Wise, we held that "the Supreme Court's holding that failure-to-report escape crimes are not crimes of violence does not undermine this court's conclusion in West that violation of the Utah failure-to-stop statute is a crime of violence" because the Illinois statute considered in Chambers was "markedly different" than the statute analyzed in West. Wise, 597 F.3d at 1147; see also United States v. McConnell, __ F.3d __, 2010 WL 1980971 (10th Cir. May 19, 2010) (citing to Wise for the proposition that Chambers did not overrule the principle holding of West). As a result, West remains the law of the Tenth Circuit, and Atkins' appeal must fail.

### III

**AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-5-