**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

JOHN LOUIS ATKINS,

       Plaintiff - Appellant,

v.

SWEETWATER COUNTY SHERIFF'S OFFICE (S.C.S.O.); JOHNSON COUNTY SHERIFF'S OFFICE (J.C.S.O.); RICH HASKELL, Sheriff (S.C.S.O.); CRAIG JACKSON, Undersheriff (S.C.S.O.); DAVID JOHNSON, Supervisor (S.C.S.O.); DAVID BLUST, JR., Detective (S.C.S.O.); MIKE PICERNO, Corporal (S.C.S.O.); SHANNON MUSKOVIDA, Detective (S.C.S.O.); JOSEPH TOMICH, Deputy (S.C.S.O.); MATTHEW RUSHING, Deputy (S.C.S.O.); JANE DOE, Phone-Dispatch Personal (S.C.S.O.); ANGELA R. EUBANKS, Informant (S.C.S.O.); JANE DOE, Informant (S.C.S.O.); JOHN DOE, Informant (S.C.S.O.); STEVE KOZISEK, Sheriff (J.C.S.O.); KEVIN FILBERT, Captain (J.C.S.O.); STEVE POWELL, Deputy (S.C.S.O.); JOHN DOE, Deputy (S.C.S.O.),

       Defendants - Appellees.

No. 11-8067
(D.C. No. 2:11-CV-00194-ABJ)
(D. Wyo.)

---

[*] The parties waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

## BACKGROUND

John Atkins lived in Rock Springs, Sweetwater County, Wyoming, with Angela Eubanks.[1] On July 3, 2008, he was arrested for driving under the influence of alcohol or drugs (DUI) in Carbon County, Wyoming. Upon conviction he received a lengthy sentence to the county jail. While he was incarcerated in Carbon County, Eubanks found a new boyfriend and a new place to live.[2] On December 4, 2008, Atkins' sentence was reduced to time served and he was released from jail. However, the Carbon County authorities neglected to do a thorough records check, which would have revealed an outstanding arrest warrant for Atkins (failure to appear—on another DUI charge—issued by a court in Johnson County, Wyoming).

Upon his release Atkins hitchhiked to Rock Springs and went to his home. Once he arrived, he discovered much of his property was missing (or boxed for removal). He also discovered a copy of a lease for an apartment showing Eubanks as the primary lessee. He, along with a friend, decided to confront Eubanks at her place of employment, WalMart. Eubanks was much surprised to see him, as she was unaware of his early

---

[1] Our recitation of facts comes from Atkins' complaint and the police reports he attached to it.

[2] Atkins and Eubanks had confrontational exchanges while he was incarcerated.

release.  Complaining that he was demanding and verbally abusive, she sought the assistance of WalMart management; Atkins was escorted from the store.  He went home.

On December 5, 2008, Eubanks petitioned for an order of protection (family violence).  She alleged (incorrectly, Atkins says) that Atkins had put a gun to her head, tried to strangle her, body-slammed her, slapped her, held her down, and threatened to hurt her and her family.  Her petition also claimed Atkins had several illegal guns in the house (he was previously convicted of a felony) and mentioned the outstanding arrest warrant from Johnson County.  An Ex Parte Order of Protection issued.[3]  Among other things it gave her sole possession of her residence, required Atkins to vacate her residence and enjoined him from entering or being at her premises, "wherever she [chose] to reside."  (R. at 87).

On December 6, 2008, two Sheriff's deputies were tasked with serving the Order of Protection.  On the way to Atkins' house they requested a records check on the Johnson County warrant; it was active.  Eubanks met the deputies at the house.  According to Atkins, she opened the door, admitting them into the house.  The deputies entered the house, served the Order of Protection, and arrested Atkins on the warrant.  He was taken to the Sweetwater County Jail and a few days later transported to Johnson County.  The deputies also obtained a search warrant.  They found and seized several guns.

When he arrived at the Johnson County jail, Atkins told some of the Sheriff's

---

[3] Eubanks had petitioned for a similar Order of Protection in February 2008 but it was never served on Atkins and, presumably, dissolved.

deputies how Eubanks had forged documents and stolen his property. He also complained that some Sweetwater County Deputies had facilitated Eubanks' removal of his property from his residence after he was arrested and taken to jail. Johnson County deputies failed, in spite of promises, to fax his complaints about Eubanks and Sweetwater County deputies to the Sweetwater Sheriff's office.

It appears Atkins was later convicted and sentenced for the Johnson County DUI. In addition, on January 15, 2009, he was indicted by a federal grand jury for being a felon in possession of firearms. He pled guilty pursuant to a plea agreement and, on July 28, 2009, was sentenced to incarceration for four years to be followed by three years of supervised release. He appealed from the sentence. We affirmed. *United States v. Atkins*, 379 F. App'x. 762 (10th Cir. 2010) *cert. denied* 131 S. Ct. 3022 (2011).

On May 20, 2011, Atkins filed a *pro-se* civil-rights complaint against many Wyoming individuals and entities, *viz.* the Sweetwater County Sheriff's Office and several of its deputies, the Johnson County Sheriff's Office and several of its deputies, Eubanks and several "John Doe" witnesses and by-standers. The gravamen of his complaint was that Sweetwater deputies conspired with his ex-girlfriend, Eubanks, to deprive him of his constitutional rights by arresting him, permitting her to take his property and, finally, by covering up their complicity. Johnson County deputies, he claims, failed to adequately press his criminal complaints against Eubanks and Sweetwater County deputies because he was a convicted felon and the Johnson County officers were part of a large conspiracy to deprive him of his rights.

As required by statute—28 U.S.C. §§ 1915(e)(2)(B), and 1915A—the district

- 4 -

court screened the complaint.  Concluding the complaint was frivolous, it dismissed with prejudice.  We affirm.

## DISCUSSION

Atkins raises three issues on appeal, *viz.*, the district court 1) entered an erroneous judgment, 2) applied overly stringent pleading requirements on a pro se litigant and 3) erred in dismissing the complaint with prejudice and without first offering him an opportunity to amend.

A.      Erroneous Judgment

Atkins named more than a dozen officers, reaching as high as the Sheriff and as far down as a dispatcher.  He sued several officers in their supervisory roles, reciting their titles and official duties without alleging specific wrongdoing.[4]  Those claims failed as a matter of law, because under 18 U.S.C. § 1983, government officials may not be held vicariously liable for the conduct of their subordinates.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Where Atkins did allege specific wrongdoing, the defendants were either private actors against whom § 1983 did not apply, or government actors who had violated none of his rights based upon the facts alleged.

Atkins claims the court should have divined from his pleadings that he was

---

[4] His claim against Sweetwater County Sheriff's Supervisor David Johnson is typical: "This claim is regarding . . . David Johnson, whom in his official capacity is immediately responsible for the supervision of his subordinates, to ensure that the sheriff's office employees adhere to, and also enforce local, state, and federal laws."  (R. at 12).

claiming "an illegal entry by trespass." (Appellant's Br. at 18). That is so, he says, because the Order of Protection, while restraining him from transferring or encumbering property, also contained a sentence reading, "This order shall not affect title to any property nor allow the Petitioner to transfer, conceal, encumber or otherwise dispose of the Respondent's property or the joint property of the parties." (R. at 87). He claims Eubanks opened the door for the deputies, thereby giving them access to him in his home in order to arrest him on the Johnson County warrant and serve the Order of Protection. He overlooks three critical matters.

First, the deputies, having verified the existence of an active arrest warrant, had an obligation to execute it. Second, while Eubanks' unlocking the door (if it happened) may have made things more convenient, the deputies did not need Eubanks' assistance to enter the house to arrest Atkins. *United States v. Hutchinson*, 573 F.3d 1011, 1023 (10th Cir. 2009) (citing *Payton v. New York*, 445 U.S. 573, 597-97 (1980); *United States v. Lloyd*, 396 F.3d 948, 952 (8th Cir. 2005))[5]. Third, the Order of Protection also permitted Eubanks to have temporary possession of the residence, if that was her choice.

The facts contained in Atkins' complaint could, if extended to their elastic limits, be read to support his grand conspiracy theory. But the facts more plausibly suggest the deputies were simply performing their duties—arresting him on an outstanding warrant

---

[5] "This rule applies to misdemeanor warrants as well as to those for felonies." *United States v. Clayton*, 210 F.3d 841, 843 (8th Cir. 2000); *see also Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984) ("When the government's interest is only to arrest for a minor offense, . . .the government usually should be allowed [to enter the home to execute the arrest] only with a warrant issued upon probable cause by a neutral and detached magistrate.").

and serving a valid protection order. Other deputies stood by while Eubanks retrieved what she claimed to be her belongings. Since the Order of Protection actually provided that she could be permitted to reside in the home if she chose to do so, the deputies' acts are unremarkable. The actions of the deputies were mostly inconsistent with Atkins' conspiracy theory (officers and others were part of a great conspiracy to deprive him of his constitutional rights). Their actions more plausibly suggested conscientious attention to duty. *See Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[I]f [allegations in a complaint] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Atkins offers little argument (and that offered is simply conclusory) to further his complaints about the Johnson County defendants. At the edge of reason, it is conceivable the deputies refused to follow up on Atkins' stolen-property complaints because they were complicit in a conspiracy against him. But, as the district court intimated, the more plausible explanation is they had no basis to take action because Atkins had reported nothing illegal. Rather, he was venting frustration over the outcome of a civil dispute. Moreover, inattention to detail or even negligence does not make a § 1983 case. *J.W. v. Utah*, 647 F.3d 1006, 1012 (10th Cir. 2011).

B.    Overly Stringent Pleading Requirements

Atkins faults the district court for applying too stringent a standard of review and failing to construe his complaint liberally. He continues to insist he stated enough facts

- 7 -

to overcome the lenient burden to be applied at the pleadings stage. But he does not explain how the facts pled support the elements of each cause of action. He relies, instead, on generalizations and snippets from opinions. That is not enough. *See Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1275 (10th Cir. 2009); *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("To state a claim . . . relief must follow from the facts alleged.").

C.      Leave to Amend/Dismissal with Prejudice

Atkins contends the district court should have granted his request to amend his complaint or dismissed the action without prejudice. Leave to amend a complaint should be freely granted in the interest of justice. S*ee* Fed. R. Civ. P. 15(a)(2). Nevertheless, a district court may dismiss a suit with prejudice when granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Although Atkins did not state a plausible claim for relief, his exhaustive account of the events surrounding and preceding his arrest permitted the district court to reasonably conclude he would gain little from an opportunity to amend. Moreover, while he requested leave to amend, he did not supply a proposed amended complaint or even detail what additional facts would be included in it. Nor has he done so here.

AFFIRMED.

Atkins' Motion for Leave to Proceed on Appeal Without Prepayment of Costs or

Fees is DENIED.  All costs and fees associated with this appeal are immediately payable.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge