**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SANDRA LOPEZ-MUNOZ,

        Petitioner,

v.                                                                  No. 19-9510

WILLIAM P. BARR, Attorney
General

        Respondent.

_____

**Petition for Review of a Decision of the Board of Immigration Appeals**
_____

Submitted on the briefs[*]

Jennifer M. Smith, Glenwood Springs, Colorado, on behalf of the
Petitioner.

Joseph H. Hunt, Assistant Attorney General, Leslie McKay, Senior
Litigation Counsel, and Manuel A. Palau, Trial Attorney, U.S Department
of Justice, Washington, D.C., on behalf of the Respondent.

_____

Before **MATHESON**, **McKAY,** and **BACHARACH**, Circuit Judges.
_____

[*]     Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. _See_ Fed. R. App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

**BACHARACH**, Circuit Judge.

_____

This petition for review involves a collateral challenge to a removal (deportation) order. The removal proceedings began with the service of a notice to appear. Because the notice to appear failed to include a date and time for her impending immigration hearing,[1] the petitioner (Ms. Sandra Lopez-Munoz) argues that the immigration judge lacked jurisdiction over the removal proceedings.

If Ms. Lopez is right, she may be entitled to relief based on the immigration judge's lack of jurisdiction to order removal. In our view, however, the alleged defect would not preclude jurisdiction. We thus deny the petition for review.

**1.     Ms. Lopez seeks review of the denial of a motion to reconsider.**

At the eventual removal proceedings, Ms. Lopez appeared and requested cancellation of removal, but the immigration judge declined the request. Ms. Lopez unsuccessfully appealed to the Board of Immigration Appeals, moved for the Board to reopen her case, petitioned for review in our court, moved a second time for the Board to reopen her case, and moved for reconsideration of the denial of her second motion to reopen.

_____

[1]     Though the notice to appear did not state the date or time of the hearing, Ms. Lopez later received another notice with that information.

Ms. Lopez's present petition for review involves the denial of her motion to reconsider. Ordinarily, a noncitizen[2] cannot file a second motion to reopen, much less a motion to reconsider the denial of a second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.23(b)(1). In addition, motions to reopen are ordinarily due 90 days from the date of the removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).[3]

Despite these bars, Ms. Lopez sought reconsideration of an otherwise prohibited second motion to reopen nearly six years after issuance of the removal order. To overcome these procedural bars, Ms. Lopez must show a jurisdictional defect in the removal proceedings. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

Ms. Lopez alleges a jurisdictional defect in her notice to appear based on noncompliance with regulations and the underlying statute. The regulations state that (1) the filing of a "charging document" creates jurisdiction, (2) a charging document consists of a notice to appear, and (3) a notice to appear must include the date and time where practicable. 8 C.F.R. §§ 1003.13, 1003.14(a), 1003.18. The statute provides that a notice to appear must specify the time and place of the removal hearing. 8

---

[2] We use the term "noncitizen" to refer to a person who is not a citizen or national of the United States. *See Pereira v. Sessions*, 138 S. Ct. 2105, 2110 n.1 (2018).

[3] Exceptions exist, but none apply to the issue that Ms. Lopez has raised. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv); 8 C.F.R. § 1003.23(b)(1), (4).

U.S.C. § 1229(a)(1)(G)(i). Invoking the regulations and statute, Ms. Lopez contends that her notice to appear was defective because it omitted the time or place of the removal hearing. For the sake of argument, we assume that Ms. Lopez is right about the existence of a defect in the notice to appear.

**2.      The alleged defect in the notice to appear was not jurisdictional.**

In our view, this defect would not preclude jurisdiction.

**A.      The alleged regulatory defect is not jurisdictional.**

Ms. Lopez's jurisdictional argument relies largely on a federal regulation adopted by the Attorney General. This regulation provides that an immigration judge obtains jurisdiction when a charging document is filed. 8 C.F.R. § 1003.14(a).

Though the regulation uses the word "jurisdiction," the term "jurisdiction" is often loosely used for requirements unrelated to an agency or court's power to act. *Kontrick v. Ryan*, 540 U.S. 443, 454–55 (2004). We thus must look beyond the Attorney General's label to determine whether the regulation actually restricts immigration judges' jurisdiction. Looking past that label, we conclude that the regulatory mention of "jurisdiction" is colloquial. The Attorney General didn't—and couldn't—restrict immigration judges' jurisdiction.

Immigration judges obtain their powers from Congress, not agency regulations. *See United States v. Cortez*, 930 F.3d 350, 360 (4th Cir. 2019)

("[T]he immigration courts' adjudicatory authority over removal proceedings comes not from the agency regulation codified at 8 C.F.R. § 1003.14(a), but from Congress."); *Perez-Sanchez v. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019) ("Congress alone has the power to define the scope of an agency's authority."). Congress empowered immigration judges by authorizing them to decide the issue of "inadmissibility or deportability." 8 U.S.C. § 1229a(a)(1); *see United States v. Cortez*, 930 F.3d 350, 360 (4th Cir. 2019) (stating that 8 U.S.C. § 1229(a) grants jurisdiction to immigration judges by authorizing them to conduct removal proceedings). By delegating this power to immigration judges, Congress granted them jurisdiction over removal proceedings. *Perez-Sanchez*, 935 F.3d at 1154-55; *Cortez*, 930 F.3d at 360.

Given this congressional delegation of authority, the Attorney General could not unilaterally restrict immigration judges' jurisdiction. *See Perez-Sanchez*, 935 F.3d at 1156 ("[A]n agency cannot fashion a procedural rule to limit jurisdiction bestowed upon it by Congress.").[4] So

---

[4] We assume, for the sake of argument, that the regulation purports to restrict the immigration judge's jurisdiction when the notice to appear omits the date and time of the hearing. Despite this assumption, we note that the Board of Immigration Appeals has reached a different conclusion, holding that a notice to appear "that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of [8 U.S.C. § 1229(a)], so long as a notice of hearing specifying this information is later sent to the alien." *In re Bermudez-Cota*, 27 I. & N.

even if immigration judges had exceeded their regulatory power by ordering removal without a valid notice to appear, they would have still had jurisdiction.[5] *See City of Arlington v. FCC*, 569 U.S. 290, 297–98

---

Dec. 441, 447 (B.I.A. 2018). This decision reflects a binding interpretation of the regulation by the agency charged with enforcement. Executive Office for Immigration Review; Rules of Procedures, 57 Fed. Reg. 11,568 (Apr. 6, 1992). Some courts have thus deferred to the Board's interpretation of this regulation in holding that a defect in the notice to appear does not create a jurisdictional defect. *E.g.*, *Pontes v. Barr*, 938 F.3d 1, 5 (1st Cir. 2019); *Hernandez–Perez v. Whitaker*, 911 F.3d 305, 312–15 (6th Cir. 2018). We need not decide whether to apply deference to the Board's interpretation.

[5]    We leave open the possibility that Congress might empower an agency to restrict its own jurisdiction. But Congress didn't delegate power to the Attorney General to restrict immigration judges' jurisdiction. *See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 83–84 (2009) ("Congress gave the Board no authority to adopt rules of jurisdictional dimension."). Congress merely provided the Attorney General with the power to establish regulations necessary to carry out his or her powers. 8 U.S.C. § 1103(a)(3), (g)(2). The Attorney General thus lacked power to limit the jurisdiction of immigration judges:

> The fact that the Executive Office for Immigration Review of the Department of Justice purported to describe when "jurisdiction" vests in a case before an immigration court is neither here nor there. See 8 C.F.R. § 1003.14(a). While an agency may adopt rules and processes to maintain order, it cannot define the scope of its power to hear cases. What the Executive Office was doing was establishing exactly what it takes properly to commence a case before it. That decision is not one of jurisdictional significance in the same sense that complete diversity or the existence of a federal question is for a district court.

*Ortiz–Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019); *see also United States v. Cortez*, 930 F.3d 350, 359 (4th Cir. 2019) ("To deem [8 C.F.R.

6

(2013) (explaining that an agency's power to act "is authoritatively prescribed by Congress").[6] Because the Attorney General could not restrict an immigration judge's jurisdiction through a regulation, 8 C.F.R. § 1003.14 does not establish immigration judges' jurisdiction.[7]

---

§ 1003.14(a)] 'jurisdictional' would be 'to say that the Attorney General is 'in effect, . . . *telling himself* what he may or may not do.'") (emphasis in original) (quoting *United States v. Arroyo*, 356 F. Supp. 3d 619, 624 (W.D. Tex. 2018)).

[6]     The Supreme Court made this point by comparing agencies to courts:

> Congress has the power (within limits) to tell the courts what classes of cases they may decide, but not to prescribe or superintend how they decide those cases. A court's power to decide a case is independent of whether its decision is correct. So even an erroneous judgment is entitled to res judicata effect. Put differently, a jurisdictionally proper but substantively incorrect judicial decision is not ultra vires.

> That is not so for agencies charged with administering congressional statutes. Both their power to act and how they are to act is authoritatively prescribed by Congress, so that when they act improperly, no less than when they act beyond their jurisdiction, what they do is ultra vires. Because the question---whether framed as an incorrect application of agency authority or an assertion of authority not conferred---is always whether the agency has gone beyond what Congress has permitted it to do, there is no principled basis for carving out some arbitrary subset of such claims as "jurisdictional."

*City of Arlington v. FCC*, 569 U.S. 290, 297–98 (2013) (citations omitted).

[7]     The Eighth and Ninth Circuits have accepted the regulation's statement that it addresses jurisdiction. *Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). But in these cases, there was no suggestion that a party had questioned the

**B.** **The alleged statutory defect is not jurisdictional.**

In challenging the immigration judge's jurisdiction, Ms. Lopez also relies on the statutory provision requiring notices to appear to include the date and time of the hearing. This reliance is misplaced.

Not every statutory requirement is jurisdictional. To the contrary, a statutory requirement is jurisdictional only when Congress says it is. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); *see also Gad v. Kansas State Univ.*, 787 F.3d 1032, 1039 (10th Cir. 2015) ("[W]e should not treat requirements as jurisdictional without express congressional direction."). Although a statute "need not go so far as to use the magic word 'jurisdiction,'" the jurisdictional language must be clear. *United States v. McGaughy*, 670 F.3d 1149, 1156 (10th Cir. 2012). Such clarity typically exists only when the statute addresses "the courts' statutory or constitutional *power* to adjudicate the case." *Barnes v. United States*, 776 F.3d 1134, 1146 (10th Cir. 2015) (emphasis in original) (quoting *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1157–58 (10th Cir. 2013) (Gorsuch, J., concurring)).

---

Attorney General's power to regulate jurisdiction. *See Ali*, 924 F.3d at 986; *Karingithi*, 913 F.3d at 1160.

Section 1229(a) does not refer to "jurisdiction" or "the courts' statutory or constitutional *power* to adjudicate the case." *Id.* (emphasis in original). Thus, § 1229(a) is non-jurisdictional. *See Hernandez–Perez v. Whitaker*, 911 F.3d 305, 314–15 (6th Cir. 2018) (holding that § 1229(a) is not jurisdictional); *Ortiz–Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019) (same); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019) (same).

Ms. Lopez nonetheless argues that the statutory rules governing the "initiation of cases are jurisdictional" because these rules are akin to statutes of limitations.[8] Pet'r's Opening Br. at 24–25.[9] But statutes of limitations are not ordinarily jurisdictional. *Musacchio v. United States*, 136 S. Ct. 709, 716–17 (2016). A limitations period is jurisdictional only if Congress says it is. *See id.* at 717. And Congress said nothing in the federal statutes to suggest that the requirements for a notice to appear are jurisdictional. Thus, Ms. Lopez's purported equivalence between a notice to appear and limitations period is self-defeating.

---

[8] For this argument, Ms. Lopez relies on *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13, 16 (2017), where the Supreme Court reiterated that a statute's appellate filing deadlines are jurisdictional.

[9] If the "initiation of cases [is] jurisdictional," as Ms. Lopez argues, the Board would presumably have lacked jurisdiction over the second motion to reopen because it had been filed after expiration of the 90-day filing deadline. Pet'r's Opening Br. at 24–25.

Ms. Lopez relies not only on case law addressing the "initiation of cases" but also on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Reliance on *Pereira* is misplaced. There the Supreme Court discussed the effect of a notice to appear that did not comply with § 1229(a). 138 S. Ct. at 2109–10. But we must interpret this discussion in context. *See Illinois v. Lidster*, 540 U.S. 419, 424 (2004) (stating that the Supreme Court often reads the general language in opinions "as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering"); *see also Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005) ("Judges expect their pronunciamientos to be read in context").

In *Pereira*, the Court decided only whether a defective notice to appear had interrupted a noncitizen's continuous presence in the United States. 138 S. Ct. at 2110. The Court did not address the distinct question of whether a defect in the notice to appear would preclude jurisdiction over the removal proceedings. Indeed, the Court expressly declined to address this broader question, emphasizing that the decision was "much narrower." *Id.* at 2113.

Given this context, other circuits have declined to treat *Pereira* as a limitation on an immigration judge's jurisdiction. *See Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019) ("[W]e conclude that *Pereira*'s self-described disposition of [the narrow question involving the rule requiring continuous

presence for ten years] is not properly read to void *jurisdiction* in cases in which [a notice to appear] omits a hearing time or place.") (emphasis in original) (citation omitted); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 314–15 (6th Cir. 2018) (holding that *Pereira* does not preclude jurisdiction in the agency when a defective notice to appear is followed by a notice that contains information about the time and place of the hearing); *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) ("*Pereira* was not in any way concerned with the Immigration Court's jurisdiction."), *quoted with approval in Soriano-Mendosa v. Barr*, 768 F. App'x 796, 802 (10th Cir. 2019) (unpublished). We join these circuits in declining to read *Pereira* as an implicit pronouncement on an immigration judge's jurisdiction.

3.    **Conclusion**

Because the alleged defect in the notice to appear was not jurisdictional, Ms. Lopez lacks any grounds to avoid the 90-day deadline and prohibition on second motions to reopen. Absent such grounds, the Board did not err in denying Ms. Lopez's motion to reconsider the denial of her second motion to reopen.

Petition denied.