**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HENRY JAVIER CRUZ MORENO,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9507
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Henry Javier Cruz Moreno seeks review of a final order of removal, claiming

that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration judge (IJ)

lacked jurisdiction to conduct removal proceedings. We deny the petition for review.

I

Moreno is a Honduran national who entered the United States in 2004. In

2018, the Department of Homeland Security (DHS) issued him a Notice to Appear

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(NTA) in removal proceedings, charging him with being present in this country without lawful admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). The NTA did not specify the date or time of his initial hearing, but DHS later provided the omitted information by serving him a Notice of Hearing. When Moreno appeared before the IJ, he conceded he was removable and requested voluntary departure, though he quickly acknowledged he was ineligible for that relief. Thus, he simply requested a removal order and indicated he waived his right to appeal. The IJ accordingly ordered him removed to Honduras.

Following the IJ's decision, however, Moreno filed a notice of appeal with the Board of Immigration Appeals (BIA). In his notice he asserted that, under *Pereira*, "the [IJ] had no jurisdiction to enter orders against [him] due to a defective Notice to Appear." Admin. R. at 7. He also indicated he would file a brief with the BIA, though he never did. Consequently, when the BIA took up his case, it ruled that he waived his right to appeal. The BIA nonetheless proceeded to consider and reject Moreno's assertion that the IJ lacked jurisdiction under *Pereira*, ruling:

> [T]he Supreme Court described the dispositive question presented in *Pereira* as "narrow" and related to whether the "stop-time" rule that is applicable to cancellation of removal applications would be triggered by a[n] NTA that lacked specific information about the time and location of the hearing. *Pereira* did not hold that a[n] NTA that did not contain a specific date, time, and location of the hearing was invalid for all purposes or did not validly initiate removal proceedings. *See Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018).

Admin. R. at 3. The BIA therefore dismissed the appeal, and Moreno subsequently sought review in this court.

2

II

Ordinarily, we will consider only those arguments that a petitioner properly presents to the BIA. *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007). Indeed, "neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review." *Id.* (internal quotation marks omitted). However, when the BIA independently reaches out and decides an issue in a substantive discussion, it may *sua sponte* exhaust that issue for purposes of judicial review. *See id.* at 1119-22. "To qualify for [the *sua sponte* exhaustion rule], the BIA must: (1) clearly identify a claim, issue, or argument not presented by the petitioner; (2) exercise its discretion to entertain that matter; and (3) explicitly decide that matter in a full explanatory opinion or substantive discussion." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1235 (10th Cir. 2010).

Here, regardless of whether Moreno waived his right to appeal, the BIA considered and rejected his jurisdictional argument in a full substantive discussion, thereby satisfying all three elements of the *sua sponte* exhaustion rule. First, the BIA clearly identified Moreno's argument "that in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the [IJ] lacked jurisdiction over the removal proceedings because the [NTA] lacked a date and time of the initial hearing." Admin. R. at 3. Second, the BIA exercised its discretion to take up that issue. *See id.* And third, the BIA rejected the argument in a substantive discussion by distinguishing *Pereira*, describing the relevant issue in that case as "narrow," and concluding that *Pereira* did not hold a

3

defective NTA was invalid for all purposes or could not initiate removal proceedings. *Id.* (internal quotation marks omitted). While the BIA's analysis was succinct, it definitively decided the issue citing relevant authority, and, in any event, we "defer to the agency's determination of the depth of explanation merited by a given question," *Garcia-Carbajal*, 625 F.3d at 1240. Thus, the BIA *sua sponte* exhausted Moreno's jurisdictional argument.[1]

Nonetheless, the argument is unavailing. We recently rejected a similar argument in *Lopez-Munoz v. Barr*, 941 F.3d 1013 (10th Cir. 2019), explaining that *Pereira* did not hold that a defective NTA divested an IJ of jurisdiction:

> In *Pereira*, the Court decided only whether a defective notice to appear had interrupted a noncitizen's continuous presence in the United States. 138 S. Ct. at 2110. The Court did not address the distinct question of whether a defect in the notice to appear would preclude jurisdiction over the removal proceedings. Indeed, the Court expressly declined to address this broader question, emphasizing that the decision was "much narrower." *Id.* at 2113.

*Lopez-Munoz*, 941 F.3d at 1018. We therefore joined other "circuits in declining to read *Pereira* as an implicit pronouncement on an immigration judge's jurisdiction" and concluded that an NTA's failure to specify the date and time of a hearing is not a

---

[1] In this court, Moreno expands upon the general jurisdictional argument he raised in his notice of appeal to the BIA, adding new regulatory and statutory theories and challenging other circuit courts' case law. None of these theories were presented in his notice of appeal to the BIA, however, nor were they discussed by the BIA. We decline to evaluate these novel theories and restrict the scope of our review to the specific argument he originally offered under *Pereira*. *See Garcia-Carbajal*, 625 F.3d at 1237 ("To satisfy [the statutory exhaustion requirement], an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court.").

4

jurisdictional defect.  *Id.*; *see also Martinez-Perez v. Barr*, ___ F.3d ___,

No. 18-9573, 2020 WL 253553, at *3 (10th Cir. Jan. 17, 2020) (following "the lead

of *Lopez-Munoz* and join[ing] the overwhelming chorus of our sister circuits that

have already rejected similar *Pereira*-based challenges" (internal quotation marks

omitted)).  Given this precedent, Moreno's challenge to the IJ's jurisdiction fails.

III

Accordingly, we deny the petition for review.

Entered for the Court

Nancy L. Moritz
Circuit Judge