**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FREDDY HERRERA-RIVAS, a/k/a Fredy
Herrera, a/k/a Rubio Herrera,

    Defendant - Appellant.

No. 18-6192
(D.C. No. 5:18-CR-00114-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Freddy Herrera-Rivas pleaded guilty to unlawfully reentering the United States

after removal under 8 U.S.C. § 1326(a). Herrera-Rivas later moved to withdraw his

guilty plea under Fed. R. Crim. P. 11, contending his original removal order was

invalid. The district court denied the motion to withdraw. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Herrera-Rivas is a native and citizen of Mexico. On October 27, 2008, the United States Department of Homeland Security served Herrera-Rivas with a Notice to Appear (NTA), alleging he was subject to removal and ordering him to appear before an immigration judge (IJ) at a date and time "to be set." R., Vol. 1 at 20. Herrera-Rivas signed the NTA, requesting an immediate hearing and waiving his right to a 10-day period before his appearance. Herrera-Rivas also signed a "Stipulated Request for Order [and] Waiver of Hearing," in which he confirmed that: (1) he had been served with the NTA; (2) he waived his right to a hearing and requested his proceedings be conducted on the record; (3) he admitted the facts as alleged in the NTA; (4) he conceded he was subject to removal; and (5) he did not wish to seek relief from removal. *Id.* at 43-46. On November 12, 2008, an IJ ordered his removal, and Herrera-Rivas was removed two days later.

Herrera-Rivas returned to the United States in 2010 and was removed in 2012, without objection, based on the 2008 removal order. He returned to the United States again in 2013 and was indicted in 2018 of illegally reentering after removal in violation of 8 U.S.C. § 1326(a). Herrera-Rivas initially pleaded guilty but, six weeks later, moved to withdraw his plea on the ground "that an absolute defense to the Indictment had been overlooked." *Id.* at 9. In a proposed motion to dismiss attached to the motion to withdraw, Herrera-Rivas sought to collaterally attack the validity of his 2008 removal order under 8 U.S.C. § 1326(d). Specifically, in his proposed motion to dismiss, Herrera-Rivas contended his 2008 removal order was void

2

because his 2008 NTA failed to specify a date and time for his appearance and, therefore, was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The district court denied the motion to withdraw, concluding that the proposed motion to dismiss lacked merit and that allowing Herrera-Rivas to withdraw his plea and file the proposed motion to dismiss would waste judicial resources. The court later entered its judgment and sentenced Herrera-Rivas to time served.

## DISCUSSION

Herrera-Rivas's sole contention on appeal is that the district court erred in denying his motion to withdraw his guilty plea. We disagree.

### A. Standard of Review

We review the "denial of a motion to withdraw a guilty plea . . . for abuse of discretion" and "will not reverse a district court's decision unless the defendant can show that the court acted unjustly or unfairly." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014) (internal quotation marks omitted). "We review factual findings for clear error" and "legal conclusions de novo, such as whether the plea was made knowingly and voluntarily or whether counsel was ineffective." *Id.*

### B. Analysis

When a guilty plea has been accepted by the district court, "[a] defendant may withdraw a guilty plea before sentencing if he 'can show a fair and just reason for requesting the withdrawal.'" *Id.* at 1258 (quoting Fed. R. Crim. P. 11(d)(2)(B)). In deciding a motion to withdraw a guilty plea, a district court should consider:

"(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing [the] motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Id.* (internal quotation marks omitted).

Here, the district court determined Herrera-Rivas could not "establish a fair and just reason for the withdrawal." R., Vol. 1 at 104. In particular, the court found: (1) he waived any challenge to the 2008 NTA and the IJ's jurisdiction to order his removal by stipulating to the allegations and seeking removal; and (2) *Pereira* addressed a "narrow issue" and did not support invalidating the original removal order. *Id.* at 103-04. Because the court found no merit to the proposed motion to dismiss and because Herrera-Rivas did "not allege his innocence []or protest that his plea was not knowing and voluntary," the court found "permitting him to withdraw his plea to file the motion would merely result in a wasting of judicial resources." *Id.* at 104. And because "[t]he remaining factors [did] not weigh heavily for or against permitting [him] to withdraw his plea," the court concluded he had failed to carry his burden of demonstrating a fair and just reason for withdrawing his plea. *Id.*[1]

---

[1] The sole argument Herrera-Rivas advanced in his motion to dismiss was that the 2008 removal order was invalid based upon *Pereira*. Because the district court rejected the *Pereira* argument, and therefore determined a collateral attack on the 2008 removal order would be futile, the court declined to address the statutory factors for a collateral attack. *See generally* 8 U.S.C. § 1326(d) (prohibiting a collateral attack on a removal order unless the alien shows "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair"). Herrera-Rivas has not contended the court erred in failing to

4

Herrera-Rivas contends the district court erred in determining there was not a fair and just reason for allowing him to withdraw his plea because: (1) his original NTA was invalid under *Pereira* because it failed to specify a date and time for the hearing; (2) the IJ, therefore, lacked jurisdiction to order his removal in 2008; and (3) "[b]ecause there was no valid removal order, [he] is not guilty as a matter of law of unlawful reentry as defined by 8 U.S.C. § 1326(a)." Aplt. Opening Br. at 14. As our recent decisions confirm, the district court correctly determined that *Pereira* was inapposite and that Herrera-Rivas's jurisdictional argument lacked merit.[2]

The Supreme Court held in *Pereira* that "[a] putative notice to appear that fails to designate the specific time or place of a non-citizen's removal proceedings is not a 'notice to appear under section 1229(a), and so does not trigger the stop-time rule.'" 138 S. Ct. at 2113-14. But as we recently explained in *Lopez-Munoz v. Barr*, 941 F.3d 1013 (10th Cir. 2019), *Pereira* addressed only the narrow question of "whether a defective notice to appear had interrupted a noncitizen's continuous presence in the United States" for purposes of the "stop-time rule" under 8 U.S.C. § 1229b(d)(1)(A) and "did not address the distinct question of whether a defect in the notice to appear would preclude jurisdiction over the removal proceedings." *Lopez-Munoz*, 941 F.3d at 1018 (internal quotation marks omitted). We noted "other

_____

evaluate these factors, and therefore, has waived appellate review of this issue. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 998 (10th Cir. 2015).

[2] We therefore need not address the court's conclusion that Herrera-Rivas also waived his *Pereira*-based jurisdictional challenge to his original removal order.

circuits have declined to treat *Pereira* as a limitation on an immigration judge's jurisdiction," and we joined them "in declining to read *Pereira* as an implicit pronouncement on an immigration judge's jurisdiction." *Id.* at 1018. We since have "follow[ed] the lead of *Lopez-Munoz* and join[ed] the overwhelming chorus of our sister circuits that have . . . rejected similar *Pereira*-based challenges." *Martinez-Perez v. Barr*, __ F.3d __, No. 18-9573, 2020 WL 253553, at *3 (10th Cir. Jan. 17, 2020) (internal quotation marks omitted) (collecting cases). Moreover, we have clarified that "the requirements relating to notices to appear are non-jurisdictional, claim-processing rules." *Id.*

Based on our decisions in *Lopez-Munoz* and *Martinez-Perez*, Herrera-Rivas's "[r]eliance on *Pereira* is misplaced." *Lopez-Munoz*, 941 F.3d at 1017. "While [his] notice to appear was defective" because it failed to specify a date and time to appear, "that did not divest the Immigration Court of jurisdiction." *Martinez-Perez*, __ F.3d at __, 2020 WL 253553, at *3. Because Herrera-Rivas's proposed motion to dismiss lacked merit, the district court properly found that permitting him to withdraw his plea and file the proposed motion to dismiss would waste judicial resources. Herrera-Rivas has not contested the court's assessment of the other factors for permitting the withdrawal of a guilty plea. Accordingly, Herrera-Rivas has failed to show that the district court abused its discretion in denying his motion to withdraw his guilty plea.

**CONCLUSION**

For the foregoing reasons, the district court's judgment is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge