**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUIS MORENO-LOPEZ,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 18-9584
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

An immigration judge (IJ) denied Luis Moreno-Lopez's (Mr. Moreno)

application for voluntary departure and ordered him removed to Mexico. He

appealed to the Board of Immigration Appeals (BIA or Board). While his appeal was

pending, he filed a motion to terminate or remand proceedings under *Pereira v.*

*Sessions*, 138 S. Ct. 2105 (2018). The BIA denied the motion to remand and

dismissed his appeal. Mr. Moreno petitions for review of the BIA's order.

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 8 U.S.C. § 1252(a), we grant the petition for review in part, deny in part, and remand to the BIA for further proceedings. In doing so, we distinguish *Pereira* to conclude that the Immigration Court had jurisdiction over the removal proceeding even though the notice to appear (NTA) failed to designate a time and place for the proceeding. But, as regards the motion to remand for consideration of cancellation of removal to allow Mr. Moreno to demonstrate presence in the United States for a continuous period of not less than 10 years immediately preceding the date of said application, *see* 8 U.S.C. § 1229b(b)(1), we conclude *Banuelos-Galviz v. Barr*, 953 F.3d 1176 (10th Cir. 2020), controls. *Banuelos-Galviz* held a petitioner is not disqualified from seeking cancellation of removal based on a combination of an incomplete NTA and a notice of hearing (NOH), such as Mr. Moreno received here. *See id.* at 1184.

I.

Mr. Moreno is a native and citizen of Mexico. He asserts he entered this country in January 2000. In April 2008 an IJ permitted him to voluntarily depart the United States. He claims he reentered this country two weeks later, on April 24, 2008.

In February 2017 the Department of Homeland Security (DHS) served a NTA on Mr. Moreno. The NTA stated he had entered the United States at an unknown place and date. It charged him with removability as an alien who was present in the United States without being admitted or paroled and ordered him to appear before an IJ at a date and time "[t]o be set." R. at 96.

The DHS later served a NOH on Mr. Moreno. The NOH required his appearance at an IJ hearing scheduled on April 24, 2017. Mr. Moreno appeared at the hearing. At a later hearing he conceded he was removable and designated Mexico as the country of removal.

Mr. Moreno applied for cancellation of removal, but he later withdrew that application. At a hearing in October 2017, his attorney explained that because of his voluntary departure in 2008, "[w]e do not believe he meets the statutory requirement of ten [years of] physical presence" in the United States for a cancellation claim. *Id.* at 74. Instead, he requested voluntary departure.

The IJ denied voluntary departure, finding that Mr. Moreno was ineligible based on the 2008 grant of voluntary departure after he was found inadmissible for entering the United States without inspection. *See* 8 U.S.C. § 1229c(c). The IJ thus ordered Mr. Moreno removed to Mexico.

Mr. Moreno appealed to the BIA. While his appeal was pending, he filed a motion to terminate or remand proceedings based on *Pereira*. He requested two forms of relief. First, he argued for termination of the proceedings because the failure of the NTA to designate the date and time of his hearing meant the immigration court lacked both personal and subject-matter jurisdiction to order him removed to Mexico. Second, in a two-sentence argument at the end of the motion, he argued alternatively that the BIA should remand proceedings to the IJ because he "would be eligible for . . . cancellation [of removal] but for the defective [NTA]." R. at 21.

3

The BIA affirmed the IJ's finding that Mr. Moreno was ineligible for voluntary departure.[1] Relying on its precedent in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), it denied his *Pereira*-based motion to terminate the proceedings, finding that the NTA in combination with the NOH had vested the IJ with jurisdiction. The BIA did not address Mr. Moreno's separate argument that the case should be remanded to the IJ so he could apply for cancellation of removal.

## II.

### A.

Where, as here, a single BIA member affirmed the IJ's decision in a brief order, we review the BIA's opinion, but "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Neri-Garcia v. Holder*, 696 F.3d 1003, 1008-09 (10th Cir. 2012) (quotation marks omitted). We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *See Luevano v. Holder*, 660 F.3d 1207, 1211 (10th Cir. 2011). We review its denial of a motion to remand under the deferential abuse-of-discretion standard. *Neri-Garcia*, 696 F.3d at 1009.

### B.

Mr. Moreno argues the BIA erred in determining that the immigration court acquired jurisdiction through service of the defective NTA coupled with the NOH

---

[1] Mr. Moreno does not appear to challenge this aspect of the BIA's decision.

that stated the time and place of his removal hearing. He contends the BIA's decision conflicts with *Pereira*. In *Pereira*, the Supreme Court held that "[a] putative notice to appear that fail[ed] to designate the specific time or place of the noncitizen's removal proceedings [was] not a notice to appear under section 1229(a)" of the immigration statutes. *Pereira*, 138 S. Ct. at 2113-14 (internal quotation marks omitted). Such a notice therefore did not trigger the stop-time rule ending the noncitizen's period of continuous presence in the United States for purposes of a cancellation-of-removal application. *See id.*; 8 U.S.C. § 1229b(d)(1).

We recently rejected arguments that *Pereira* should be read to hold that a defective NTA deprives the immigration court of jurisdiction. *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1277-78 (10th Cir. 2020); *Lopez-Munoz v. Barr*, 941 F.3d 1013, 1017-18 (10th Cir. 2019). For the reasons stated in those cases, we also reject Mr. Moreno's jurisdictional argument.[2]

---

[2] Mr. Moreno also argues that the immigration court lacked *personal* jurisdiction over him due to the defective NTA. He analogizes service of an NTA to service of a civil complaint under Fed. R. Civ. P. 4, *see* Pet'r Opening Br. at 17-18, and contends that "an NTA lacking time and place information cannot confer personal jurisdiction over an individual because it does not contain the necessary information required by the rules," *id.* at 18. To the extent this represents an argument separate from his *Pereira*-based subject-matter jurisdiction argument, we reject it. The absence of personal jurisdiction may be waived. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citing Fed. R. Civ. P. 12(h)(1)). Mr. Moreno's repeated appearance at proceedings before the IJ without objection irrefutably waived any claim that the immigration court lacked personal jurisdiction over him.

## C.

This leaves us with Mr. Moreno's alternate *Pereira*-based argument: that the BIA should have remanded to permit him to apply for cancellation of removal. He made this argument to the BIA, giving the Board the opportunity to rule on it. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("[A noncitizen] must present the same specific legal theory to the BIA before he or she may advance it in court." (emphasis omitted)). The issue is therefore preserved, albeit minimally, for our review.

The Attorney General may grant cancellation of removal to a noncitizen who is subject to removal from the United States if the noncitizen

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under [8 U.S.C. §§] 1182(a)(2), 1227(a)(2), or 1227(a)(3) . . . ; and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

The government contends the BIA's failure to remand for the IJ to consider cancellation relief was harmless because Mr. Moreno cannot meet the first of these requirements: ten years of continuous physical presence within the United States.

Mr. Moreno claims he last reentered the United States on April 24, 2008. The cancellation statute's stop-time rule states that "any period of . . . continuous physical

6

presence in the United States shall be deemed to end . . . when the alien is served a notice to appear." 8 U.S.C. § 1229b(d)(1). The agency served the NTA on Mr. Moreno in February 2017, less than ten years after he entered this country.[3] As previously noted, however, an NTA that does not specify the hearing date and time does not trigger the stop-time rule. *See Pereira*, 138 S. Ct. at 2113-14. Thus, if *Pereira* applies here, the NTA did not bar Mr. Moreno from seeking cancellation relief.

The government argues *Pereira* does not apply here because DHS later served Mr. Moreno with a NOH that stated the date and time of the hearing. The combination of these two documents, it contends, activated the stop-time rule. But we recently rejected a similar argument, concluding that "the stop-time rule is not triggered by the combination of an incomplete notice to appear and a notice of hearing." *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1184 (10th Cir. 2020). Our holding in *Banuelos-Galviz* governs here. The stop-time rule was not triggered by service of the incomplete NTA and the NOH, and Mr. Moreno was not disqualified from seeking cancellation of removal based on the combination of those notices.

In sum, after *Pereira* clarified that the stop-time rule did not apply, Mr. Moreno asked the BIA to remand his case to the IJ to permit him to pursue cancellation of removal. The BIA's failure to address this aspect of his request for

---

[3] Mr. Moreno filed his motion to remand in August 2018. By that time, if the stop-time rule were not considered, more than ten years had elapsed since his purported reentry in April 2008.

remand was an abuse of discretion, and its error is not harmless.  We therefore

remand the matter to the BIA to exercise its authority to address the request for

remand.  *See, e.g.*, *Martinez-Perez*, 947 F.3d at 1282, 1284 (remanding to BIA to

exercise its authority to address issue in the first instance).

## III.

For the foregoing reasons, we grant in part and deny in part the petition for

review, vacate the denial of Mr. Moreno's motion to remand, and remand to the BIA

for further proceedings consistent with this order and judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge