**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

JOSE MANUEL ORTEGA-LOPEZ, a/k/a
Jose Lopez, a/k/a Manuel Lopez, a/k/a Jose
Ortega, a/k/a Jose Manuel Lopez, a/k/a
Manuel Jose Lopez,

      Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

      Respondent.

No. 19-9591
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Jose Manuel Ortega-Lopez, a native and citizen of Mexico, seeks review of a

Board of Immigration Appeals (BIA) decision affirming the denial of his application for

cancellation of removal. Mr. Ortega-Lopez contends the agency lacked jurisdiction over

his removal proceedings, improperly conditioned relief on his having more than one child

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

and being destitute, and denied him due process by failing to address all his arguments. We deny the petition for review.

I

Mr. Ortega-Lopez initially entered the United States without inspection in 1986. In 1998 he departed for two weeks, reentered without inspection, and has remained here since. In 2005 he was served with a notice to appear in removal proceedings, charging him with entering this country without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He conceded the charge and was granted voluntary departure, but an immigration judge (IJ) reopened the case so he could apply for cancellation of removal. To qualify for cancellation of removal, which is a form of discretionary relief, Mr. Ortega-Lopez had to show, among other things, that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D).[1]

Mr. Ortega-Lopez claimed that his removal would result in exceptional and extremely unusual hardship to his 12-year-old daughter, Yesenia, a U.S. citizen. Through a proffer he said that Yesenia lived with her mother and her mother's boyfriend, but he visited her at least once each week and they went on regular outings. He voluntarily paid

---

[1] A noncitizen must also demonstrate that he was physically present in the United States for the ten years preceding his application, he had been a person of good moral character during that time, and he had not been convicted of any disqualifying crimes. *See* 8 U.S.C. § 1229b(b)(1)(A)-(C). If a noncitizen satisfies the statutory criteria, he must then persuade the Attorney General to favorably exercise discretion and grant relief. The government stipulated that Mr. Ortega-Lopez satisfied the first three statutory criteria.

$500 every month in child support for Yesenia, and although she did not have any exceptional medical or mental-health issues, she would greatly miss her father. She earned As and Bs in school, but his removal would impact her ability to focus and make her "extremely sad." Admin. R. at 119.

The IJ denied cancellation of removal. He recited the details of Yesenia's living arrangement and recognized that she had a good relationship with Mr. Ortega-Lopez. The IJ also recognized that he used his opportunities to visit her, and that being separated "would be very difficult and emotional," *id.* at 86, particularly because Yesenia was at an age "when her father's presence is extremely supportive in [her] life," *id.* at 89. The IJ acknowledged that Mr. Ortega-Lopez's removal would disrupt his child-support payments, but the IJ observed that financial hardship was "an unfortunate outcome of many removal cases." *Id.* at 88. He further said that Yesenia had no acute or chronic medical needs or special educational issues, and he noted that Yesenia would still have the support of her mother and perhaps her mother's boyfriend. The IJ concluded that Mr. Ortega-Lopez failed to demonstrate that Yesenia would suffer exceptional and extremely unusual hardship.

Mr. Ortega-Lopez appealed to the BIA, but during the pendency of the appeal he moved for a remand to the IJ in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). His motion for remand argued that the IJ lacked jurisdiction to conduct removal proceedings under *Pereira* because his notice to appear did not specify the time and place of his removal hearing. On the merits Mr. Ortega-Lopez asserted that the IJ incorrectly concluded that he had failed to demonstrate exceptional and extremely unusual hardship.

3

First, he argued that he satisfied the hardship standard set forth in a "trilogy of cases,"
Admin. R. at 20, including *In re Recinas*, 23 I. & N. Dec. 467 (BIA 2002), but the IJ had
improperly viewed the facts of *Recinas* as setting the outer boundaries of what could
satisfy the hardship standard and had denied relief on the ground that he was ineligible
because he has only one child and was not financially destitute. Second, he argued that in
several unpublished cases the BIA had effectively broadened the hardship standard by
concluding that applicants demonstrated hardship despite having fewer children than the
applicant in *Recinas*, and thus, "if *Recinas* truly marked the 'outer limit' of what
constitutes exceptional and extremely unusual hardship," Admin. R at 30, then the BIA
should reexamine its caselaw.

The BIA rejected these arguments and affirmed the IJ's decision. It determined
that Mr. Ortega-Lopez's *Pereira* argument failed because he was sent a notice of hearing
informing him of the date and time of the proceedings. And it agreed with the IJ that
Mr. Ortega-Lopez had failed to demonstrate exceptional and extremely unusual hardship.
The BIA observed that Yesenia had no health or learning problems and she would remain
in the United States with her mother. It acknowledged that Mr. Ortega-Lopez paid child
support and that his removal would cause Yesenia both emotional and financial hardship,
but it said that this hardship would not be "beyond that which would ordinarily be
expected to result from a parent's removal." *Id.* at 4. Finally, the BIA was unpersuaded
that the IJ improperly considered the evidence or applied the wrong legal standard, and
declined to reconsider its caselaw.

4

## II

In his petition to this court, Mr. Ortega-Lopez maintains that under *Pereira* the IJ lacked jurisdiction over his removal proceedings because his notice to appear was defective. He also contends the BIA improperly denied cancellation of removal on the ground that he has only one child and is not destitute. Last, he contends the BIA denied him due process by failing to address his argument that it should reconsider its hardship cases.

### A. *Pereira*

We dispose of the *Pereira* argument summarily. We have repeatedly held that failure to include the date and time of the hearing in the original notice does not deprive the immigration court of jurisdiction if adequate notice is provided later. *See, e.g., Lopez-Munoz v. Barr*, 941 F.3d 1013, 1018 (10th Cir. 2019). Thus, the argument fails.

### B. *Statutory Criteria for Relief*

Mr. Ortega-Lopez next contends the BIA denied relief based on extra-statutory criteria that he have more than one child and be destitute. We understand this argument as raising a question of statutory construction regarding whether § 1229b(b)(1)(D) limits eligibility for relief to noncitizens who have more than one qualifying relative and are destitute. We have jurisdiction to consider the argument. *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1182 (10th Cir. 2020). But it rests on a false premise and can be disposed of summarily. The BIA decision cannot reasonably be read as recognizing or applying a one-child or destitution requirement to be entitled to cancellation of removal. The argument fails.

*C. Due Process*

Last, Mr. Ortega-Lopez contends he was denied due process because the BIA failed to address his specific argument that it had broadened the hardship standard in several unpublished cases by granting relief to applicants with fewer children than the applicant in *Recinas*. This argument suffers from the same infirmity as the prior one. It relies on the false premise that the BIA conditioned his eligibility for relief on having more qualifying relatives. Moreover, Mr. Ortega-Lopez raised this issue as part of his overall contention that he demonstrated hardship qualifying him for cancellation of removal, which is a discretionary decision we cannot review. *See Galeano-Romero*, 968 F.3d at 1182-84.

Also, to the extent that Mr. Ortega-Lopez disputes the adequacy of the BIA analysis, he fails to raise a colorable constitutional due-process claim. *See Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) ("[A] quarrel about the level of detail required in the BIA's analysis [is] not a colorable due process claim."). "The BIA is not required to write an exegesis on every contention." *Maatougui v. Holder*, 738 F.3d 1230, 1242-43 (10th Cir. 2013) (internal quotation marks omitted). "What is required is that [the BIA] consider the issues raised[] and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* at 1243 (brackets and internal quotation marks omitted)).

6

The BIA considered whether to revisit its caselaw concerning the hardship standard; but perceiving no error, it declined to do so.  In the circumstances, the BIA said enough.  There was no constitutional violation.

III

The petition for review is denied.

Entered for the Court


Harris L Hartz
Circuit Judge